No. 2715.

JOHN BURKS *v.* THE STATE.

1. PRACTICE—FORMER CONVICTION—VERDICT.—The provision of the statute (Code Crim. Proc., art. 712) which requires that in passing upon a special plea (such as a plea of former conviction) interposed as a defense to a prosecution for crime, the verdict shall specially find whether the plea is true or untrue, is mandatory, and can not be eluded upon the ground that the failure of the verdict to so find worked no prejudice to the accused.

2. SAME—FORGERY.—The prosecution in this case was for attempting to pass a forged instrument to one H. The evidence adduced upon the plea of former conviction showed that the instrument described in the two indictments was one and the same, but that the other attempt was to pass it to another person than H., at a different time and place. *Held,* that the transactions were different, and constituted different and distinct offenses; wherefore a conviction for the one could not bar a prosecution for the other.

3. SAME—EVIDENCE—INTENT—CHARGE OF THE COURT.—As tending to establish the fraudulent intent of the accused in the transaction for which he was on trial, it was competent for the State to prove that, at a different time and place on the same day, the accused attempted to pass the forged instrument to a different person than the party alleged as the injured person in the indictment. But the failure of the charge to limit and circumscribe the purpose and object of such evidence was fundamental error.

4. SAME.—It is not only the province, but it is the duty of the trial judge to construe an alleged forged instrument, and to instruct the jury as to

its legal effect, had it been genuine. In this case, the court properly charged that, if the alleged forged instrument were genuine, it would create a pecuniary obligation.

5. SAME.—Objections to the admission in evidence in this case of the alleged forged instrument were properly overruled, inasmuch as the letter S, before the figures $43.00, imports nothing, is no part of the said instrument, and constitutes no part of the description of the said instrument.

6. SAME—CONFESSIONS.—The trial court did not err in admitting in evidence the declarations of the defendant with regard to the transaction involved in the prosecution, made by him when not in custody nor under arrest. Nor was it error to permit the State to prove that defendant was known by another name than that he assumed in the county of the forum.

APPEAL from the District Court of Taylor. Tried below before the Hon. T. H. Conner.

The conviction in this case, supplemented by a term of three years in the penitentiary as punishment, was had under an indictment which charged that defendant, on the twenty-sixth day of August, 1887, in Taylor county, Texas, attempted to pass to one H. A. Hart a certain forged instrument in writing, which, as shown in the indictment, and afterward in evidence, reads as follows:

"No. 5.

"BALLINGER, Texas, July 15, 1887.

"First National Bank of Ballinger pay to John Burks or bearer the sum off forty-three 43 dollars.

"S  $43.00.                              D. E. SIMS."

To this prosecution the defendant pleaded specially his former conviction for attempting to pass the same instrument described in this indictment. The indictment attached to this plea as an exhibit described the same written instrument, but alleged the attempt to pass it on one R. S. Tuttle.

R. S. Tuttle was the first witness for the State. He testified, in substance, that, in August, 1887, he was a clerk in the dry goods store of Mr. Laposki, in Abilene, Taylor county, Texas. On the morning of the twenty-seventh day of that month the defendant and another person came into said store, and defendant asked to be shown some clothing. He then selected for purchase clothing to the amount of six dollars and twenty-five cents, and offered the witness in payment the check now in evidence. Witness told him to go back to the desk and indorse it. Defend-

ant went alone to the desk, and witness saw him dip a pen into an inkstand, and then bend his body over the desk as if writing. He soon brought the check back to witness with his name indorsed on the back. The indorsement was yet ink wet when he again tendered it to witness. He then told the witness that he had been employed on the ranch of D. E. Sims, and that the check was drawn, signed and given to him as wages by Sims's wagon boss, who had authority from Sims, and ordinarily signed Sims's checks. Witness had no authority to accept the check, and declined to do so. Witness was positive that no person was with defendant at the desk when he indorsed the check. The witness testified, for the State, on another prosecution of this same defendant (Case No. 582) for attempting to pass a forged instrument, his testimony on that trial and on this being the same.

H. A. Hart testified, for the State, that, in August, 1887, he was clerking in Bledsoe's store, in Abeline, Taylor county, Texas. About nine o'clock on the night of August 26, the defendant and another person came into Bledsoe's store, and defendant selected for purchase five dollars and seventy-five cents worth of clothing, and offered witness the check in evidence, directing him to take pay out of it. He said that he received the check as payment for his work on the TOD ranch, on the Colorado river, near Ballinger. Witness handed the check to young Mr. Bledsoe, who declined to cash it, and handed it back to witness. Witness then handed it back to defendant, and told him to call again next morning. He called again between eight and nine o'clock on the next morning, and selected a handkerchief, making his bill seven dollars, and again presented the check. Mr. Bledsoe, the proprietor of the store, examined the check and declined to cash it. Defendant said then that he had worked for Sims, and that the check was signed by Sims's wagon boss, and was given to him for work. The check exhibited in evidence was the same offered by defendant to witness, but since that time it had been indorsed. Witness testified for the State, on a previous trial of the defendant in case No. 582, for an attempt to pass a forged check. His testimony on that trial was substantially the same as his testimony on this trial.

Albert Bledsoe testified, for the State, to the same facts as testified by Hart.

Robert Burch testified, for the State, that in August, 1887, he was constable of the Abeline precinct, in Taylor county. On the

morning of the twenty-seventh day of that month, he saw the defendant standing near the bank corner, and, having heard some suspicions expressed about a check the defendant had in his possession, the witness called him and asked him about it. He said that the check was given him as a balance on wages due him as a late employe on the TOD ranch, and that he could get Mr. Watson, of Abeline, to identify him. Witness had not then arrested him, and had no warrant for him, nor had a complaint then been filed against him, but witness did not intend to let him get away unless he accounted for his possession of the check. Witness went with him to Watson, who failed to identify him, and then witness arrested him. Witness testified, substantially as he has here testified, in case No. 582, against the defendant for attempting to pass a forged check.

The State then introduced in evidence the check described in the indictment, and called D. E. Sims to the stand. Mr. Sims testified that he owned the TOD ranch, on the Colorado river, near Ballinger, but that he did not know the defendant; had never had the defendant in his employ on his said ranch or elsewhere; had never owed the defendant any sum of money; had never signed a check in his favor, and had never authorized anybody else to do so, and had never had a wagon boss in his employ. Witness had done his banking with the First National Bank of Ballinger for a year or more. He knew of no other D. E. Sims, nor of any other TOD ranch, than himself and his said ranch. The witness testified, for the State, in cause No. 582, against the defendant, for attempting to pass a forged instrument, substantially as he has testified on this trial.

J. E. Thomas testified, for the State, that he had known the defendant for ten years. He knew him in Callahan and Coleman counties as Buck White, and by no other name, and as the son of Mrs. White, whom the witness well knew.

The State closed.

The defense introduced in evidence the indictment described in the defendant's plea of former conviction, and the judgment of the court pronounced upon the verdict of the jury, and the case was closed.

The motion for new trial raised the questions discussed in the opinion.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. I.· Defendant's special plea of former conviction is in due form, and upon its face presents a valid bar to the prosecution in this case. The trial judge properly, and under appropriate instructions, submitted the issue raised by said plea and the evidence adduced in support thereof to the jury, except that the jury were not instructed, as they should have been, that they must say in their verdict that the matters alleged in said plea were true or untrue. (Code Crim. Proc., art. 712.) It has been repeatedly held that where a special plea is submitted to the jury the verdict must expressly determine whether the plea is true or untrue, and that an omission to so find is error for which the conviction must be set aside. (Smith v. The State, 18 Texas Ct. App., 329, and cases there cited.)

It may be contended, however, that such omission is harmless and not reversible error where the evidence shows that the conviction pleaded was not for the same offense, but for an entirely different offense than the one for which the defendant was then on trial. Were it not for the mandatory terms of the statute, requring the jury directly and expressly to state in their verdict their finding upon the plea, we would be inclined to so hold,· but we think it best to adhere to the plain words of the statute, and the decisions heretofore made construing it. In view of another trial of the case, we will say that in our opinion the special plea of former conviction was not sustained by the evidence. Said former conviction was for attempting to pass a forged instrument in writing to a different person than the person named in this indictment, and, as the evidence conlusively proves, at a different time and place. The transactions were different, and constituted different offenses, although the forged instrument attempted to be passed was the same. The two attempts are as distinct and separate as would be two assaults committed upon different persons at different times and places, but with the same weapon.

II. Upon the trial the State proved, not only the attempt to pass the forged instrument to the party alleged in the indictment, but also that the defendant attempted to pass said instrument, on the same day, but at a different time and place, to another person. This evidence was admissible to prove the defendant's fraudulent intent with respect to the attempt for which he was on trial; but the court, in its charge to the jury,

failed to restrict said evidence to the purpose for which it was admitted by proper instructions to the jury, which omission is reversible error, although not excepted to. (Washington v. The State, 23 Texas Ct. App., 336; Maines v. The State, Id., 568; Davidson v. The State, 22 Texas Ct. App., 373; Taylor v. The State, Id., 530.)

III. It was not only proper, but it was the duty of the court to construe the written instrument alleged to be forged, and to instruct the jury as to its legal effect had it been genuine. It was not error for the court to instruct the jury that the alleged forged instrument involved in this case would, if it had been genuine, have created a pecuniary obligation.

IV. It was not error to overrule the defendant's objection to the admission in evidence of the alleged forged instrument. There was no material variance between the instrument alleged and that offered and admitted in evidence. The letter S before the figures $43.00, as it appears in the instrument set forth in the indictment, does not appear to be a part of said instrument, or to import anything. It certainly does not in any way affect the character of the instrument, and constitutes no part of its description.

V. It was not error to admit in evidence the statements made by the defendant to the witness Robert Burch, as the evidence satisfactorily shows that, at the time the defendant made said statements, he was not under arrest or in custody, but was a free man, and made said statements voluntarily. Nor was it error to permit the State to prove that the defendant was known in another county by a different name than the one he assumed in the county of the prosecution. This testimony was admissible for the purpose of identifying him, and as a circumstance tending to prove his intent with respect to the alleged forged instrument.

It is not necessary that we should determine the question presented with regard to the formation of the jury which tried this case, as that question will not arise on another trial.

Because of the errors we have mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered November 23, 1887.