## No. 6093.

### SAM GENTRY v. THE STATE.

1. THEFT—EVIDENCE—CHARGE OF THE COURT.—It is competent for the State, on a trial for theft, to prove the contemporaneous theft by the accused of other property than that alleged in the indictment, but it then becomes the duty of the trial court to instruct the jury as to the purpose of such evidence. Omission to so instruct is not, however, fundamental error, nor is it material error, in the absence of exception or requested instructions, unless the defendant's rights may have been prejudiced thereby.

2. SAME—FACT CASE.—See the statement of the facts in this case and in Gentry's case, 24 Texas Court of Appeals, 478, for evidence *held* sufficient to support a conviction for horse theft.

APPEAL from the District Court of Falls. Tried below before the Hon. Eugene Williams.

This is the appellant's second appeal from judgments of conviction for theft of two horses, one alleged to be the property of S. Hindman, and the other to be the property of W. Nance. The penalty awarded was a term of five years in the penitentiary.

A full report of the first trial of this case will be found in the twenty-fourth volume of these Reports, beginning on page 478. All of the witnesses who testified on that trial, save H. C. Bohanan, testified on this trial, and their narratives on the two trials were practically the same. For this reason a synopsis of the testimony of only the additional witnesses on this trial will be set out in this report.

W. A. McBeth testified, for the State, that he saw the defendant in Gatesville, Coryell county, in possession of a large iron gray gelding, worth from seventy-five to one hundred dollars, and of a small iron gray filly, worth about twenty-five dollars. He offered to sell the large horse to witness for sixty dollars, and finally for fifty-five dollars. Witness declined to buy the animal, but would have bought it had defendant charged seventy-five dollars for it. Defendant was alone, and talked with witness but a few minutes. He impressed witness as being a boy of ordinary intelligence, and in no wise appeared to be dull or weak minded.

Cal Morgan testified, for the State, that he lived east of the town of Reagan, in Falls county. He owned an old mare and a two year old filly in 1886. In June of that year he lost the filly, and employed John Walker to go to San Saba county and get her; which Walker did. Witness did not give defendant permission to take that animal.

Thomas Gentry, the father of the defendant, testified, in his behalf, that the defendant was mentally very weak. His older sister was very much like him, and was mentally very weak. He had a younger brother who was very bright and intelligent. One of his maternal aunts was for many years a mental wreck, and finally lost her mind entirely. The defendant had no independent will of his own, but was kind and obedient, and when under no other influence, was naturally inclined to do right. He left home on the evening of the alleged theft, riding his own pony.

J. L. Perry testified, for the defense, that he married the neice of the defendant's father, and had long known the family. He considered the defendant to be a very weak minded boy. He had no will power of his own, and yielded readily to the will of others in whom he had confidence, and could easily be induced by such person to commit a crime without realizing the moral or legal wrong of the act. He could have been readily induced by Smith to drive the stolen property with Smith upon Smith's promise to leave him at the house of his uncle "out west."

James Vance testified, for the State, that he had known and associated with defendant for twelve or thirteen years, and had never discovered anything about him to indicate feeble mindedness. He never heard of the defendant being weak minded until this prosecution was instituted.

Hiram Washington testified, for the State, that he knew the defendant, and considered him a boy of average intellect.

*Goodrich & Clarkson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE.  Evidence was adduced on the trial tending to show that, at the same time and place that the defendant took the horses mentioned in the indictment, he took a horse not mentioned in the indictment, the property of one Morgan. In the charge to the jury, the court failed to instruct them as to the

purpose of such testimony, and that they could not convict the defendant of the theft of any other horse than those named in the indictment. There was no exception made to the charge, at the time of the trial, because of such omission, nor did the defendant ask a special charge with reference thereto.

It was unquestionably error to omit instructing the jury as above indicated, and had such error been excepted to at the trial, the conviction would have to be set aside. But it has never been held that such an omission in the charge is fundamental error, which is necessarily fatal to the conviction. Where such error is for the first time called to the attention of the trial court in a motion for new trial, this court will not reverse because of it, unless it appears from the whole evidence adduced on the trial that the defendant's rights may have been injured in consequence of it. (Carter v. The State, 23 Texas Ct. App., 508; Davis v. The State, Id., 510; Mayfield v. The State, Id., 645; Alexander v. The State, 21 Texas Ct. App., 406; Holmes v. The State, 20 Texas Ct. App., 509; Kelley v. The State, 18 Texas Ct. App., 262; House v. The State, 16 Texas Ct. App., 25.) After a careful consideration of the whole evidence, it does not appear to us that the defendant could probably have been injured in his rights by reason of the failure of the court to give the instruction mentioned; and we must hold, therefore, that said error in the charge is immaterial and can not operate to reverse the judgment.

In the particulars in which the charge of the court was excepted to we find no error. We regard the charge, when considered as a whole, excepting the error of omission above discussed, as a full, fair and correct exposition of the law applicable to the facts proved. That the conviction is amply sustained by the evidence there can be no doubt.

Finding no material error in the conviction, the judgment is affirmed.

*Affirmed.*