### J. R. SEXTON v. THE STATE.

*No. 462.     Decided June 2.*

**Defendant as Witness—Charge of Court—Failure to Limit and Restrict Evidence Impeaching, by Proof of Other Crimes.**—On a trial for burglary, where, on cross-examination of defendant as a witness in his own behalf, he was required to testify that he had been indicted for theft, *Held*, that the testimony was admissible as an attack upon his credibility, but that it was error for the court to fail by proper instructions to limit and restrict it to the purposes for which it could alone be considered by the jury. Such instructions should be given, whether requested or not.

APPEAL from the District Court of Burnet. Tried below before Hon. W. A. BLACKBURN.

This appeal is from a conviction for burglary, the punishment assessed being two years' imprisonment in the penitentiary.

In view of the disposition of the appeal as made in the opinion, it is unnecessary to make a statement of the case.

*J. G. Cook*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary.

This was a case of circumstantial evidence. Appellant undertook to explain each circumstance which in any way tended to show his guilt. He took the stand in his own behalf as a witness, and upon cross-examination, over his objection, was asked whether he had not

been indicted in 1890, in Burnet County, for theft of hogs, and whether he had not been indicted for carrying a pistol; and defendant, being compelled by the court, answered he had been indicted with six other persons for theft of hogs, but after one of the parties was tried and acquitted, the present district attorney had nolle prossed the case. Appellant insists that the district attorney, having a personal knowledge of the case, and yet asking the question, intended such a question to affect defendant's character for honesty, and not veracity, and it was intended to prejudice the mind of the jury. While it is true that the question as to the indictment for theft was admissible under the decision of this court in Jackson's case, ante, p. 281, yet it has been further held by this court, that when such testimony is introduced the court should, in its charge, carefully guard the rights of the defendant by instructing the jury that this testimony is only admitted for the purpose of impeaching the credibility of the defendant, but is not to be considered as tending to show his guilt; and this instruction must be given whether requested or not. In the otherwise correct charge of the learned judge there was no limitation on the evidence, and the case must be reversed. There is no other question that requires consideration.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.