### John Henry Stanley v. The State.

#### No. 1169. Decided May 10, 1911.

**1.—Murder—Charge of Court—Self-Defense—Threats.**

Where, upon trial of murder, the evidence showed threats by the defendant, but that at the time of the homicide he did no act which could induce the deceased to act on said threats, and that the deceased brought on the difficulty, it was reversible error not to submit the charge requested by the defendant that he was not deprived of self-defense against an attack or threatened attack by the deceased.

**2.—Same—Evidence—Other Offense.**

Where, upon trial of murder, the defendant on cross-examination testified that he had been indicted in another homicide, but acquitted, there was no error in refusing to let defendant further testify as to the details of the other homicide.

**3.—Same—Charge of Court—Impeaching Testimony.**

Where, upon trial of murder, the State brought out the fact that defendant was indicted for another homicide, the court should have limited such testimony to purposes of impeachment.

**4.—Same—Charge of Court—Manslaughter.**

See opinion for facts which required a charge on manslaughter.

Appeal from the District Court of Polk. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*J. Holshousen* and *P. R. Rowe,* for appellant.—On question of limiting impeaching testimony: Taylor v. State, 22 Texas Crim. App., 529; Burks v. State, 24 Texas Crim. App., 331; Maines v. State, 23 Texas Crim. App., 568.

On question of court's refusal of defendant's charge on self-defense: Smith v. State, 15 Texas Crim. App., 338; Parker v. State, 18 Texas Crim. App., 72; White v. State, 32 Texas Crim. Rep., 625.

On question of court's failure to charge on manslaughter: Rutherford v. State, 15 Texas Crim. App., 236; Meyers v. State, 18 Texas Crim. App., 156; Bracken v. State, 29 Texas Crim. App., 362, 16 S. W. Rep., 192.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the second degree, the verdict of the jury awarding appellant twenty-five years in the penitentiary.

On the night previous to the homicide there had been trouble between the parties, and the deceased had fired at appellant with a shotgun. However, some of the testimony tends to indicate that he only shot over his head for the purpose of frightening him. It was a disputed issue as to whether he fired over his head to frighten him or did in fact shoot at him. Appellant went away, and came back later to the place in search of deceased. Deceased had in the meantime gone home. During that night appellant wrote a note to the wife of the owner of the premises. These parties were related to appellant. In this note was a threat against deceased. The next morning appellant returned to the scene of the trouble and was sitting on the stile or steps over which people passed in going to the residence. While sitting there deceased approached him armed with a gun. When within a short distance the firing occurred and deceased was killed.

1. Without going into a detailed statement of these matters appellant asked the following charge: "You are charged that threats made by a defendant will not deprive him of his right of self-defense. Therefore, if you find from the evidence that the defendant, John Henry Stanley, made any threat or threats against the deceased, Plum Thomas, the fact of his having made such threat or threats did not deprive the said defendant John Henry Stanley of his right of self-defense against an attack or threatened attack by said deceased Plum Thomas.

"And if the deceased Plum at the time of the homicide was making

or about to make an attack on defendant, or if it reasonably appeared to defendant that such attack was being made or about to be made, viewing the facts from defendant's standpoint, his right to defend his person from such attack or threatened attack would not be abridged by any previous threat or threats."

While this charge is not technically correct, it embodies a principle of law that we think ought to have been given. Appellant's evidence is to the effect that Thomas was approaching him with a gun, and had used words and did acts indicating his purpose to shoot him with the gun, and that he fired in self-defense. Now, the court gave a charge on self-defense which was in the usual form and language. Appellant's contention was that under his testimony he had done nothing, said nothing, made no demonstration to execute any threat, but was simply sitting on the steps as deceased approached him, and that the demonstrations were all made on the part of deceased that brought about the fatal difficulty. That if deceased had not made the demonstrations and used the language imputed to him, that he would not have fired. Under these circumstances the jury may, and doubtless did, use appellant's threat, connected with the fact that he was at the place where the difficulty occurred, against him in abridging his right of self-defense and in fact eliminating it. If appellant had gone to the place and did anything to bring about the difficulty, or to provoke the deceased into a difficulty for the purpose of killing him, his right of self-defense would be abridged, but the fact that he made threats and was at the place at which the difficulty occurred, and which was not at appellant's home, and deceased came as appellant's testimony indicates, and in the manner he came, it would not impair appellant's right of self-defense unless he said something or did some act which induced the deceased to act. The fact of making the threat unaccompanied by some act or word of the defendant to provoke the deceased or to bring on the difficulty, would not cut him off from the right of self-defense. This question is not by any means a novel one in this State. This question was discussed in Ball v. State, 29 Texas Crim. App., 107, in an opinion by Judge Willson. See also Parker v. State, 18 Texas Crim. App., 72-91; Smith v. State, 15 Texas Crim. App., 338; White v. State, 23 Texas Crim. App., 154. These cases have been followed, and seem to be the settled law in this State. The charge requested by appellant, or a similar charge, should have been given.

2. The State was permitted to prove by appellant, while testifying in his own behalf, that he had formerly been indicted in another homicide case. It is also shown that he had been acquitted. The appellant proposed to go into the details of the former homicide and show the facts attending it, and exception was reserved because the court excluded this testimony. In this there was no error. Ware v. State, 36 Texas Crim. Rep., 597. This, we think, is well settled, and the authorities support the court's ruling.

3. The court failed to instruct the jury in regard to the admission

of the above impeaching testimony and limit its effect to impeachment. Exception was reserved to this failure of the court. We are of opinion that this was error. Oliver v. State, 33 Texas Crim. Rep., 541; Sexton v. State, 33 Texas Crim. Rep., 416; Hargrove v. State, 33 Texas Crim. Rep., 431; Mahoney v. State, 33 Texas Crim. Rep., 388; Warren v. State, 33 Texas Crim. Rep., 502; Jackson v. State, 33 Texas Crim. Rep., 281; Hutton v. State, 33 S. W. Rep., 969.

4. It is urged also that a charge on the subject of manslaughter should have been given. If the facts upon another trial are the same as developed by this record, we are of opinion this issue should be submitted to the jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*