## ISMAEL SALCIDO V. STATE

No. 32,664. January 11, 1961

Motion for Rehearing Overruled February 15, 1961

*Murray J. Howze*, Monahans, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

PER CURIAM

The offense is burglary; the punishment, five years.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.

### MOTION FOR REHEARING

DICE, Judge

A statement of facts of the evidence adduced upon the appellant's trial has been filed in this court and will now be considered.

The state's evidence shows that the prosecuting witness, Emmett Capps, owned and operated a liquor store in the city of Pecos. Capps testified that, on the night of January 7, 1960, he closed the place, locked all the doors, and went to a building nearby where he lived; that later, after he was awakened by his brother around 11:15 o'clock, he returned to the store and found the front screen door pulled open and the glass broken out of the door; that when he went inside he immediately discovered that a fifth bottle of V. O. Canadian Whiskey and a case of Thunderbird Wine were missing from the store. He further testified that he had not given the appellant or anyone permission to enter the place on the night in question.

The state's evidence further shows that, in response to a call, Officers Gilbert and Wallace went to the liquor store shortly after 11 p.m. When they arrived they saw the appellant and two other men down the street some two-thirds of a block from the store. At such time, the appellant had a bottle in his pocket and one of the men was carrying a box. As the officers approached, appellant and his companions ran and the officers gave pursuit. Appellant was captured by Officer Gilbert after he had run upon a pile of lumber between two buildings and, at the time, had on his person a fifth bottle of V. O. Canadian Whiskey which he had opened and was attempting to pour the contents on the ground. While in flight, the man carrying the box dropped it on the ground. The box, when recovered by the officers, was found to be a case of Thunderbird Wine which the prosecuting witness identified by certain serial numbers thereon as the case of wine missing from his store.

Testifying in his own behalf, appellant denied breaking and entering the liquor store on the night in question. Appellant testified that before he was arrested he had been to a theatre; that after he came out "two guys started walking by me;" and that the reason he ran from the officers was because Officer Gilbert tried to run over him. He denied that at such time he was carrying a bottle of whiskey.

On cross-examination, appellant testified, without objection, that on January 27, 1959, he was convicted upon a plea of guilty in the same court of the burglary of another liquor store. Appellant filed no objections to the court's charge but on appeal urges as fundamental error the court's failure to limit the jury's consideration of such testimony in the charge. Appellant relies upon the rule announced in the early cases of Burks v. State, 24 Tex. App. 326, 6 S.W. 300 and Sexton v. State, 33 Tex. Cr. R. 416, 26

S.W. 833, which were decided before the enactment of present Article 666, V.A.C.C.P. Appellant's testimony, with reference to his prior conviction of another burglary, was admissible for the purpose of impeaching his credibility as a witness. Art. 732a, V.A.C.C.P. In 1 Branch's Ann P.C., 2nd ed., page 244, sec. 211, the rule is stated: "If impeaching testimony could only be used for the purpose of impeachment it need not be limited. * * * It is only necessary to limit proof of other offenses when there is danger of a conviction for the offense not charged, or of an unwarranted use of the testimony to the prejudice of the defendant in the case in which he is being tried."

In the early case of Gentry v. State, 25 Tex. App. 614, 8 S.W. 925, this court, in passing upon the trial court's failure to instruct the jury as to the purpose for which certain testimony was admitted in the cause, said:

"But it has never been held that such an omission in the charge is fundamental error which is necessarily fatal to the conviction. When such error is for the first time called to the attention of the trial court in a motion for a new trial, this court will not reverse because of it, unless it appears, from the whole evidence adduced on the trial, that the defendant's rights may have been injured in consequence of it."

See also: Art. 666, supra.

Under the record, we are unable to say that appellant was injured by the court's failure to limit the jury's consideration of the impeachment testimony and overrule the contention that such omission in the charge constituted fundamental error requiring a reversal of the conviction.

Appellant complains of the overruling of his objection to certain questions propounded to him on cross-examination by State's counsel in which he was asked, in substance, if he was telling the jury that Officer Gilbert was lying and not telling the truth when he testified that appellant had the bottle of whiskey in his pocket. Appellant's answer to the inquiry was in the affirmative. While the questions were argumentative and appellant's objection should have been sustained, under the record, the court's ruling does not call for a reversal of the conviction.

The issue of appellant's guilt was submitted to the jury upon a charge on the law of principals and circumstantial evidence. We find the evidence sufficient to sustain the conviction.

The motion for rehearing is overruled.

Opinion approved by the Court.