**R. L. MASON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42341.**

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Rehearing Denied Jan. 28, 1970.

**48**

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Malcolm Dade, Camille Elliott, James P. Finstrom, Curtis Glover and Joe Max Hendley, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is murder; the punishment, seven years.

It is contended that the trial court erred in denying his motion for an instructed verdict on the ground that the record reflects undisputed self-defense.

The appellant and the deceased were and had been for sometime occupying the same house.

Melvin Shelton testified that while standing in his yard he saw the deceased, accompanied by Betty Acosta, drive his truck into his driveway across and down the street about one hundred feet away and stop beside the porch; that in a brief time he heard a commotion and then heard the deceased say, "I wasn't talking to you, I was talking to Betty," and then he heard several rapidly fired shots and on looking he saw the appellant on the porch shooting a pistol; that the deceased had turned and it looked like he was getting out when the pistol was fired at him in the truck; that the deceased got onto the porch, grabbed the appellant and they struggled and fell from the porch. Shelton and Melvin Brown ran to the scene and Brown pulled appellant off of the deceased as appellant was hitting him with a hammer, and appellant then said to the deceased, "I hope you die."

Officer Goombi, who went to the scene of the shooting, testified that the deceased had been shot and beat with a hammer; and that all six shells in the pistol had been fired.

Dr. Strunk, who supervised the autopsy which was performed on the body of the deceased, testified as follows:

"A The proximate cause of death, I think you can consider the gunshot wound to the abdomen. The final cause of death, the thing that actually caused the demise of the individual was severe pneumonia in both lungs, plus an infection of the abdominal cavity. But all of these resulted presumably secondary to the initial insults, which were the gunshot wounds."

The appellant testified that when he arrived home from work the deceased and Betty were there; that the deceased came into his room drunk; they had a dispute, and he ordered the deceased out of his room; that the deceased and Betty left and he soon heard the truck return, and while standing at the front door he saw the deceased getting out of the truck with a hammer in his hand; that he first shot the deceased as he stepped onto the porch, that deceased kept coming and they clinched and he took the hammer away from the deceased; and that he shot the deceased because he thought the deceased was going to kill him.

Betty Acosta, called by the appellant, testified substantially as he did until she and deceased returned in the truck and parked in the driveway next to the porch. She testified that after they had been parked one or two minutes the appellant came out on the porch and asked the deceased what he said and the deceased replied that he was talking to her (Betty). Then the deceased opened the truck door and the appellant began shooting while the deceased was still in the truck; that as the deceased was getting out with a hammer more shots were fired, and the deceased stepped onto the porch and they began wrestling; that the appellant dropped the pistol, but got the hammer and began hitting the deceased on the head and she grabbed the hammer.

The evidence is sufficient to support the offense of murder as alleged in the indictment; and there was no error in the overruling of appellant's motion for an instructed verdict of not guilty on the ground that self-defense was undisputed. McGruder v. State, Tex.Cr.App., 377 S.W.2d 191.

The second ground of error is that the court failed to charge on intervening cause for the reason that the surgery performed could have caused the death of the deceased.

The record does not contain any written requested charge or objection to the court's charge to the jury. The defendant must present his special requested charges and objections to the court in writing before the charge is read to the jury. Arts. 36.14 and 36.15, Vernon's Ann.C.C.P. Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694. Ground of error No. Two is overruled.

It is contended that the court erred in permitting the state's attorney on cross-examination of the appellant to repeatedly ask him if the witness Shelton was lying when Shelton testified that appellant told the deceased at the scene, "I hope you die," which statement the appellant had denied making.

This question was twice asked but not answered. Next, the appellant testified without objection, that Shelton's testimony that the deceased was in the truck when the shots were fired was not true.

While the questions were improper and argumentative and appellant's objections should have been sustained, under the record, the court's ruling does not call for a reversal. Williams v. State, 112 Tex.Cr.R. 307, 17 S.W.2d 56; Salcido v. State, 170 Tex.Cr.R. 572, 342 S.W.2d 760. Ground of error No. Three is overruled.

The judgment is affirmed.