Howard McKINNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 44465.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied March 28, 1973.

Bowen C. Tatum, Jr., Huntsville, for appellant.

Jerry A. Sandel, Dist. Atty., Huntsville, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from an assualt to murder conviction wherein the punishment was assessed at three (3) years.

Originally this appeal was abated for failure to comply with Article 40.09, Vernon's Ann.C.C.P. See 477 S.W.2d 295 (Tex.Cr.App.1972). Those requirements have now been met and the appeal is reinstated.

The sufficiency of the evidence is not challenged. Suffice it to say that the evidence reflects that the appellant, an inmate of the Texas Department of Corrections, attacked Donald Ray Adams, an employee at the Diagnostic Unit, with a lead pipe or bar on the morning of October 1, 1969. Adams was badly beaten but John Maples,[1] another inmate, came to his rescue and the appellant fled to the fields where he was later apprehended. The appellant, testifying in his own behalf, admitted he was trying to effect an escape at the time of the alleged offense.

■ At the outset, appellant contends the trial court erred in refusing to grant his motion to prevent the Department of Corrections or its agents from censoring mail between the appellant and his counsel, or, in the alternative, to appoint an independent agent to read such correspondence for security reasons only.

The motion was not supported by evidence. There was no showing as to the censorship methods, if any, and no showing that the appellant and his counsel ever communicated by mail, or that any information gained by the State through such censorship, if any, was used to secure the conviction.

Further, the appellant does not claim that the United States mail was the only means of communication between him and his counsel.

Appellant's first contention is overruled.

Next, appellant complains of the court's refusal to take the depositions of Adams and Maples.

Article 39.02, Vernon's Ann.C.C.P. (pocket part), reads as follows:

"Depositions of witnesses may be taken by the defendant. When the defendant desires to take the deposition of a witness, he shall, by himself or counsel, file with the clerk of the court in which the case is pending an affidavit stating the facts necessary to constitute a good reason for taking the same, and an application to take the same. Provided that upon the filing of such application, and after notice to the attorney for the State, the courts shall hear the application and determine if good reason exists for taking the deposition. Such determination shall be based on the facts made known at the hearing and the court, in its judgment, shall grant or deny the application on such facts."

■ The sworn motion alleged only that details of Adams' testimony were unknown to the defense, and that, while counsel had interviewed Maples, Maples declined to discuss the alleged assault.

At the hearing, counsel simply stated to the court that Adams had not answered a letter addressed to him in Houston and that Maples now resided in Missouri.

■ As Article 39.02, supra, clearly indicates, a defendant in a criminal case may take depositions if he shows good reason at a hearing before the court and the court determines that good reason exists. Martin v. State, 422 S.W.2d 731 (Tex.Cr.App. 1968).

■ The trial court has wide discretion in either granting or denying motions for taking depositions. Aguilar v. State, 468 S.W.2d 75 (Tex.Cr.App.1971); Beard v. State, 481 S.W.2d 875 (Tex.Cr.App.1972).

We cannot agree that the court abused its discretion in finding that no good reason existed for taking of the depositions.

---

1. The name was spelled Maple in other portions of the approved record.

■ Both witnesses testified at the trial and were thoroughly cross examined, and appellant has not shown he was injured by the court's action in declining to permit the depositions to be taken. Beshears v. State, 461 S.W.2d 122 (Tex.Cr.App.1970).

Appellant also complains that he was denied a speedy trial. The indictment was returned on January 7, 1970 alleging the offense occurred on or about October 1, 1969. Trial commenced on January 25, 1971. No motion for speedy trial is found in the record, and there is no showing that appellant attempted to mandamus the trial court in an effort to secure a speedy trial.

■ The Sixth Amendment's guarantee to an accused of a right to a speedy trial is imposed upon the states by the due process cause of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). See also Article I § 10, Texas Constitution, Vernon's Ann.St.

In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), the United States Supreme Court discussed the right to a speedy trial noting it was a more vague and generically different concept than other constitutional rights guaranteed a criminal defendant, and that it was impossible to pinpoint a precise time in the judicial process when the right must be asserted or considered waived. The Court further observed that while a defendant's assertion of, or failure to assert, his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of such right, the primary burden remains on the courts and the prosecutors to assure that cases are speedily brought to trial.

The Court then adopted a "balancing test" for the determination of the speedy trial right in which the conduct of both the prosecution and the defendant is weighed. Such a test requires the courts to approach speedy trial questions or cases on an ad hoc basis.

The Court made clear that some of the factors a court should consider in the "balancing test" are the length of delay, reason for the delay, the defendant's assertion or non-assertion of his right, and prejudice to the defendant resulting from the delay. It is clear that these factors are only suggestions and not limitations.

■ Applying the "balancing test" to the instant case, we find that there was a delay for slightly more than a year from the return of the indictment to the time of trial, although the right to a speedy trial began upon his arrest approximately three months prior to the return of the indictment. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The reason for the delay does not appear from the record primarily because no speedy trial right was asserted in the court below. There was no showing that there was a deliberate delay on the part of the court or the prosecution. Further there is no showing that the appellant was harmed or prejudiced by the delay nor is any such claim advanced except the prolonged "agony and uncertainty in waiting." It is true that the appellant remained in confinement during the Period of delay, but he was in the Department of Corrections at the time of the alleged offense and would have remained in custody under any circumstances in view of his prior conviction.

Under the circumstances of the instant case, appellant's contention is non-meritorious. Barker v. Wingo, supra; Perkins v. State, 485 S.W.2d 792 (Tex.Cr.App. 1972). Harris v. State, 489 S.W.2d 303 (Tex.Cr.App.1973).

■ In his next ground of error, appellant contends that he has suffered "double punishment" resulting from the same offense, claiming that since the date of the alleged offense he has been punished by

the Department of Corrections, and now by judicial authorities. This claim was presented by a special plea in bar which was denied. If it is supported by evidence, we have been unable to find it. Under any circumstances, there is no merit to the claim advanced. See People v. Vatelli, 15 Cal.App.3d 54, 92 Cal.Rptr. 763 (Cal.Ct. of App. 1971).

Next, appellant claims reversible error was committed when the prosecutor, over objection, was permitted to ask appellant on cross examination if witnesses Adams and Maples were "lying," after appellant gave a version of the facts somewhat different than that of the State's witnesses. The appellant cites no authority. While the questions may have been argumentative, we do not perceive reversible error in light of the entire record. See Mason v. State, 449 S.W.2d 47 (Tex.Cr.App.1970).

We have considered appellant's remaining grounds of error and find them to be without merit.

The judgment is affirmed.