

**NUMBER 13-07-00369-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JAIME ELIZONDO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 24th District Court of Jackson County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

Appellant, Jaime Elizondo, was charged by indictment with driving while intoxicated with a passenger younger than fifteen years of age, a state jail felony. *See* TEX. PENAL CODE ANN. § 49.045(a), (b) (Vernon Supp. 2007). The indictment also included enhancement paragraphs referring to three prior felony offenses. Elizondo entered a plea of "not guilty" and pleaded "not true" to the enhancement paragraphs contained in the

indictment. The trial court found Elizondo guilty of the offense and concluded that each of the enhancement paragraphs were true. Elizondo was sentenced to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice ("ID-TDCJ"), and a $10,000 fine was imposed. By two issues, Elizondo contends that the trial court erred in denying both his motion for a continuance and his motion for a speedy trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2006, Elizondo, while operating his vehicle in Jackson County, Texas, was stopped by Texas Department of Public Safety Trooper Brandon Curlee for speeding. In interviewing Elizondo, Trooper Curlee noticed that Elizondo spoke with a "thick tongue" and that the vehicle smelled of alcohol. Upon further questioning, Elizondo admitted that he had drank several beers. Trooper Curlee then performed a battery of field sobriety tests on Elizondo. After concluding that he was intoxicated, Trooper Curlee placed Elizondo under arrest. Trooper Curlee testified at trial that Elizondo's wife and two children were passengers in the vehicle when Elizondo was arrested.

On July 28, 2006, Elizondo was charged by indictment with driving while intoxicated with a passenger younger than fifteen years of age. *See id.* § 49.045(a). The indictment contained enhancement paragraphs referring to the following felony convictions: (1) failure to surrender for service of sentence as ordered by the court; (2) transport of an undocumented alien; and (3) burglary of a habitation. On February 16, 2007, the State filed a motion to amend the indictment to correct minor typographical errors contained in the original indictment, which the trial court granted on February 26, 2007.

Pursuant to Elizondo's election, the trial was conducted before the bench on June

2

6, 2007. Prior to opening statements, Elizondo tendered an oral motion for continuance, asserting that a critical witness, his wife, was unable to attend the trial.[1] Elizondo, testifying on his own behalf, noted that his wife was a critical witness in his case because she was present in the vehicle when Trooper Curlee conducted the traffic stop. Elizondo also testified that his wife would have been able to attend the trial date of June 4, 2007; however, now that the trial was delayed until June 6, 2007, his wife was unable to attend. Elizondo's knowledge of this information was based on a telephone conversation; he later testified that he did not actually know whether his wife was in Jackson County on June 4, 2007.

On cross-examination, the State elicited testimony from Elizondo that he had previously been represented by Joyce Leita, but he requested, on October 4, 2006, that the trial court remove her as his court-appointed counsel because she allegedly lied to him. As a result of his request, the trial court, on February 21, 2007, appointed new counsel—Alex Luna. On February 26, 2007, Elizondo filed a motion to reset his case for trial on June 4, 2007. Elizondo stated that he did not agree to several other motions to reset filed by Leita as his attorney.[2] This testimony pertained to a motion for a speedy trial, which Elizondo allegedly filed on October 22, 2006.[3]

The trial court subsequently denied Elizondo's motion for continuance and his

---

[1] The record does not reflect that Elizondo's oral motion for continuance was memorialized in writing.

[2] The motions to reset signed by Leita were dated November 2, 2006, December 1, 2006, and January 5, 2007.

[3] The record does not contain a copy of Elizondo's motion for a speedy trial. Elizondo testified that this motion was filed pro se. The State does not dispute the existence of this motion.

3

motion for a speedy trial.[4]  In addition, the trial court found Elizondo guilty of the charged

offense and found that each of the enhancement paragraphs contained in the indictment

were true.  *See id.*  The trial court sentenced Elizondo to twenty years' confinement in the

ID-TDCJ and imposed a $10,000 fine.[5]  On June 13, 2007, the trial court certified

Elizondo's right to appeal.  Elizondo, on June 15, 2007, filed his motion for new trial and

motion in arrest of judgment, alleging that the verdict in his case was "contrary to the law

and the evidence."  In his motion for new trial, Elizondo did not take issue with the trial

court's rulings on his motion for a continuance and his motion for a speedy trial.  The trial

court did

not rule on Elizondo's motion for new trial; therefore, it was overruled by operation of law.

*See* TEX. R. CIV. P. 329b(c).  Elizondo timely filed his notice of appeal on June 15, 2007.

## II. ANALYSIS

### A. Motion for Continuance

In his first issue, Elizondo argues that the trial court erred in denying his motion for

continuance because his wife, an essential witness, needed additional time to be present

---

[4] In denying Elizondo's motion for continuance, the trial court stated the following:

I mean, the problem that I have is that there's no evidence the lady was here.  Nobody saw her.  The only evidence that Mr. Elizondo has is that she didn't answer the phone at home. And then you [Elizondo's trial counsel] didn't see her.  She didn't seek you out.  No one sought you out.  No one sought me out to ask about the trial.  I don't have any evidence that she showed up.  And I don't have any evidence, you know.  I just don't have any evidence that I can hang my hat on to grant a continuance for the—from this setting.  We've scrambled around here to try this case today.

[5] Because the trial court concluded that the three enhancement paragraphs were true, Elizondo's conviction for driving while intoxicated with a passenger under fifteen years of age was enhanced from a state jail felony to a second degree felony.  *See* TEX. PENAL CODE ANN. § 12.042(a)(2) (Vernon Supp. 2007); *id.* § 49.045(b) (Vernon Supp. 2007).  Section 12.33(a) of the penal code provides that "[a]n individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years."  *Id.* § 12.33(a) (Vernon 2003).

for trial. The State argues that Elizondo has not preserved this issue for appeal because the motion for continuance was an unsworn oral motion and Elizondo failed to address the issue in his motion for new trial.

### 1. Standard of Review

Continuances in criminal cases are governed by article 29 of the Texas Code of Criminal Procedure. *See* TEX. CODE. CRIM. PROC. ANN. arts. 29.01-.13 (Vernon 2006). A criminal action may be continued for sufficient cause shown on written motion. *See id.* at art. 29.03. The granting or denying of a motion for continuance is reviewed for abuse of discretion. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (en banc); *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc); *Cooks v. State*, 844 S.W.2d 697, 725 (Tex. Crim. App. 1992). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc).

An oral motion for continuance presents nothing for review. *Dewberry v. State*, 4 S.W.3d 735, 735 (Tex. Crim. App. 1999) (en banc) ("A motion for continuance not in writing and not sworn preserves nothing for review."). An exception does exist, however, where circumstances surrounding the trial court's denial of the oral motion amount to a denial of due process. *O'Rarden v. State*, 777 S.W.2d 455, 459-60 (Tex. App.–Dallas 1989, pet. ref'd) (noting that defendant's oral motion was based on the discovery after trial commenced of certain favorable evidence which the prosecution had suppressed).

### 2. Discussion

The record does not contain a sworn, written motion for continuance filed by Elizondo. In fact, the reporter's record demonstrates that Elizondo's pretrial request for a

continuance was made orally on June 6, 2007.  Because he did not file a sworn, written motion for continuance, Elizondo has presented nothing for us to review.  *See Dewberry*, 4 S.W.3d at 735; *see also Vega v. State*, 898 S.W.2d 359, 361 (Tex. App.–San Antonio 1995, writ ref'd) (holding that a trial court does not abuse its discretion in denying an oral motion for continuance); *Barbosa v. State*, No. 13-03-084, 2004 Tex. App. LEXIS 7821, at *14 (Tex. App.–Corpus Christi Aug. 27, 2004, pet. ref'd) (mem. op., not designated for publication).  Moreover, the record does not contain, and Elizondo has not presented, evidence demonstrating that the trial court's denial of the oral motion amounted to a denial of due process rights.[6]  *See O'Rarden*, 777 S.W.2d at 459-60.  We therefore conclude that Elizondo has not preserved this issue for appeal; this issue is waived.  Accordingly, we overrule Elizondo's first issue.

## B. Motion for Speedy Trial

### 1. Standard of Review

When reviewing a trial court's decision on a speedy trial claim, an appellate court applies a bifurcated standard of review.  *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999); *State v. Jones*, 168 S.W.3d 339, 345 (Tex. App.–Dallas 2005, pet. ref'd).  We review legal issues de novo but give deference to a trial court's resolution of factual issues. *Kelly v. State*, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005); *Munoz*, 991 S.W.2d at 821; *Jones*, 168 S.W.3d at 345.  We review a speedy trial claim in light of the arguments,

---

[6] Elizondo has not demonstrated that he was diligent in ensuring his wife's presence at the trial—for example, he did not obtain a subpoena.  *See* TEX. CODE CRIM. PROC. ANN. art. 29.06(2) (Vernon 2006) (providing that a defendant must show that he exercised due diligence in attempting to secure a witness' presence).  Moreover, Elizondo has made no showing of what would be culled from his wife's testimony if she had been present.  *See id.* art. 29.06(3) (stating that a defendant must show the facts which are expected to be proved by the witness and the trial court must find that such facts are material).

information, and evidence that was available to the trial court at the time it ruled. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003); *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003); *Jones*, 168 S.W.3d at 345. Under this standard of review, deference must be given not only to a trial court's resolution of disputed facts, but also to the drawing of reasonable inferences from the facts. *Kelly*, 163 S.W.3d at 726.

We must uphold the trial court's ruling if it is supported by the record and is correct under the applicable law. *Shaw*, 117 S.W.3d at 889; *Munoz*, 991 S.W.2d at 821; *Jones*, 168 S.W.3d at 345. If a violation of the defendant's right to a speedy trial is established, the only possible remedy is dismissal of the prosecution. *Strunk v. United States*, 412 U.S. 434, 440 (1973); *Dragoo*, 96 S.W.3d at 313; *Jones*, 168 S.W.3d at 346.

### 2. Discussion

The Sixth Amendment to the United States Constitution provides, in relevant part, that "in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI; *Barker v. Wingo*, 407 U.S. 514, 515 (1972). This right was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV; *see Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).

The Texas Constitution likewise provides that "in all criminal prosecutions the accused shall have a speedy . . . trial." TEX. CONST. art. 1, § 10. The Texas Court of Criminal Appeals has traditionally analyzed state constitutional claims of the denial of a speedy trial under the factors established in *Barker*. *See Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).

The primary burden is on the prosecution and the courts to ensure that defendants are speedily brought to trial. *See Chapman v. Evans*, 744 S.W.2d 133, 136-37 (Tex. Crim.

7

App. 1988) (orig. proceeding) (citing *Turner v. State*, 504 S.W.2d 843, 845 (Tex. Crim. App. 1974); *McKinney v. State*, 491 S.W.2d 404, 407 (Tex. Crim. App. 1973)). In determining whether one has been denied his federal or state right to a speedy trial, a court must use a balancing test to weigh the conduct of both the State and the defendant. *See Shaw*, 117 S.W.3d at 888 (citing *Barker*, 407 U.S. at 530). The relevant factors to be weighed include, but are not necessarily limited to: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) any prejudice to the defendant resulting from the delay. *Id.* at 888-89. We turn now to our de novo review and independent weighing and balancing of the relevant *Barker* factors.

### i. Length of Delay

The length of delay is a triggering mechanism for analysis of the other three *Barker* factors. *Barker*, 407 U.S. at 530-33; *Munoz*, 991 S.W.2d at 821. Unless the delay is presumptively prejudicial, we need not inquire into the other *Barker* factors. *Munoz*, 991 S.W.2d at 821. Generally, a delay of eight months or longer is considered "presumptively prejudicial" and triggers speedy trial analysis. *State v. Rangel*, 980 S.W.2d 840, 843 (Tex. App.–San Antonio 1998, no pet.). However, the length of delay that will invoke such an inquiry depends upon the circumstances of each case. *Zamorano*, 84 S.W.3d at 648-49.

The Supreme Court has noted that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 531; *Zamorano*, 84 S.W.3d at 649. If the accused demonstrates the time from accusation to trial "has crossed the threshold dividing 'ordinary' from 'presumptively prejudicial' delay, a court must then consider the extent to which that delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Zamorano*,

84 S.W.3d at 649. Therefore, a "speedy trial analysis depends first upon whether the delay is more than 'ordinary'; if so, the longer the delay beyond which is ordinary, the more prejudicial that delay is to the defendant." *Id.* The length of delay for speedy trial purposes is measured from the time the defendant is arrested or formally accused. *United States v. Marion*, 404 U.S. 307, 313 (1971).

Here, Elizondo was arrested on June 18, 2006, and indicted on July 28, 2006. The trial of this matter did not occur until June 6, 2007, more than eleven months from the time of arrest. This period of time alone is sufficient to trigger a speedy trial inquiry. *See Rangel*, 980 S.W.2d at 843.

However, Elizondo filed a motion to remove Leita as his court-appointed attorney on October 4, 2006, and he filed his motion for speedy trial on October 22, 2006. In addition, numerous motions to reset were filed on: November 2, 2006; December 1, 2006; January 5, 2007; and February 26, 2007.[7] Therefore, it appears that the delay in Elizondo's trial was due, in large part, to a number of motions to reset filed by his first court-appointed attorney and his insistence on procuring the services of another court-appointed attorney. *See Zamorano*, 84 S.W.3d at 648-49 (holding that a speedy trial inquiry depends on the circumstances of the case and if the time from accusation to trial shifts from "ordinary" to "presumptively prejudicial"). Though the record seems to suggest that the delay in Elizondo's trial was mainly due to his own actions, we will continue with the speedy trial inquiry out of an abundance of caution.

---

[7] At trial, Elizondo testified that, unlike the other motions to reset filed, he agreed to the one filed on February 26, 2007, requesting that the trial be reset until June 4, 2007.

9

### ii. Reasons for Delay

The State bears the burden of justifying the delay. *Rangel*, 980 S.W.2d at 843. Courts assign different weights to different reasons for a delay. *Dragoo*, 96 S.W.3d at 314. A deliberate attempt to delay a trial is weighed heavily against the State, while more neutral reasons, such as negligence or overcrowded dockets, are weighed less heavily. *Zamorano*, 84 S.W.3d at 649. When the record is silent regarding the reasons for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense, nor a valid reason for the delay. *Dragoo*, 96 S.W.3d at 314. A valid reason, however, justifies appropriate delay. *Id.*

Again, the record suggests that the reasons for the delay were largely of Elizondo's own doing. Elizondo was unhappy with the representation provided by Letia, who sought a number of continuances; therefore, the trial court appointed new trial counsel. Once appointed new trial counsel, Elizondo, on February 26, 2007, filed a motion to reset the trial until June 4, 2007. In addition, the State, at Elizondo's urging, amended the original indictment on February 16, 2007, which also contributed to the delay. Moreover, it is noteworthy that Elizondo initially complained that he was deprived of a speedy trial, yet he later filed a motion to continue the trial. The record certainly does not support a finding that the State deliberately attempted to delay Elizondo's trial. In fact, the complete opposite appears to be true. We therefore conclude that this factor weighs in favor of the State.

### iii. Assertion of Speedy Trial Right

A defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant was being deprived of the right. *Barker*, 407 U.S. at 531-32. A defendant has some responsibility to assert his right to a speedy trial,

and his failure to do so strongly indicates that he did not really want a speedy trial. *See Harris v. State*, 827 S.W.2d 949, 957 (Tex. Crim. App.1992). The manner in which a defendant raises a speedy-trial complaint is also significant. Although a motion to dismiss notifies the State and the court of the speedy-trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983).

In this case, Elizondo filed his motion for a speedy trial on October 22, 2007, approximately four months after his arrest. The record does not reflect that Elizondo requested a hearing on his motion for a speedy trial. Because Elizondo (1) apparently did not request a hearing on his motion for a speedy trial, (2) appeared to contribute to the delay by requesting new trial counsel and by filing numerous motions to reset, and (3) filed an oral motion to continue the trial, we question whether Elizondo really wanted a speedy trial. *See Harris*, 827 S.W.2d at 957; *see also State v. Delgado*, No. 13-05-00083-CR, 2007 Tex. App. LEXIS, at *15 (Tex. App.–Corpus Christi Aug. 2, 2007, pet. ref'd). Given the circumstances, we conclude that this factor weighs in favor of the State.

### iv. Prejudice Resulting From Delay

Prejudice, the fourth factor, is to be considered in light of the interests that the right to a speedy trial was designed to protect. *Barker*, 407 U.S. at 532. These interests include (1) prevention of extended pre-trial incarceration, (2) minimization of anxiety over pending charges, and (3) the prevention of actual prejudice to the defendant's ability to present a defense. *Id.* "Of these forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Dragoo*, 96 S.W.3d at 315 (quoting *Barker*, 407 U.S. at 532).

11

We hold that Elizondo has not provided sufficient support from the record demonstrating that he satisfied any of the three prejudice prongs.  As we have previously concluded, the delay in Elizondo's trial appeared to be largely of his own doing.  Furthermore, Elizondo has not addressed his anxiety over the charges, and he has not demonstrated that the delay in his trial prejudiced his ability to present a defense.  In fact, Elizondo's February 26, 2007 motion to reset, which was granted, was filed to allow his new court-appointed attorney time to prepare his defense.  Again, we conclude that this factor also weighs in favor of the State.

### v. Balancing the *Barker* Factors

Three of the four *Barker* factors weigh in the State's favor with the first factor weighing slightly in Elizondo's favor.  As such, we conclude that the trial court did not err in denying Elizondo's motion for a speedy trial.  Accordingly, we overrule Elizondo's second issue on appeal.

### III. CONCLUSION

Having overruled both of Elizondo's issues on appeal, we affirm the judgment of the trial court.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 28th day of August, 2008.

12