**The STATE of Texas, Appellant,**

v.

**Chris RANGEL, Appellee.**

**No. 04–98–00225–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 30, 1998.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellant.

Robert A. Valdez, Law Offices of Robert A. Valdez, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

## OPINION

HARDBERGER, Chief Justice.

The State of Texas appeals the trial court's order granting the appellee's Motion to Dismiss for Failure to Afford Constitutional Right to Speedy Trial. In its sole point of error, the State argues that the trial court erred because there was no evidence to support the granting of the motion. We affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Appellee Chris Rangel ("Rangel") was arrested and charged with the offense of driving while intoxicated, a Class B misdemeanor, on June 3, 1996. At the time of his arrest, Rangel was released on personal bond, and the case was set for hearing on June 24, 1996. Neither the State nor the trial court was prepared to proceed on June 24, 1996, so the case was reset for July 26, 1996. Again, neither the State nor the trial court was ready to proceed and the case was reset for September 10, 1996. On September 10, 1996, the State voluntarily dismissed the charges against Rangel pending further investigation. On December 12, 1996, the State refiled the same charges against Rangel, and the matter was set for hearing on January 24, 1997. For unascertainable reasons, no hearing was held on January 24, 1997; rather, the case was reset for June 5, 1997. In the interim, Rangel filed a Motion to Dismiss for Failure to Afford Constitutional Right to Speedy Trial ("Speedy Trial Motion") on January 17, 1997. The trial judge was absent on June 5, 1997, and the hearing on Rangel's Speedy Trial Motion was reset for September 11, 1997. For reasons that are not apparent from the record, no hearing was held on September 11, 1997, and the case was reset for December 18, 1997. Again, for unknown reasons, no hearing was held on December 18, 1997, and the hearing was reset for January 26, 1998.[1] Yet again, no hearing was held on January 26, 1998, and the matter was reset for hearing on February 18, 1998.

Rangel's Speedy Trial Motion was ultimately heard on February 18, 1998. At the hearing, Rangel's attorney argued that Rangel had been diligent in seeking a hearing in the matter. In addition, Rangel's attorney asserted that Rangel had been harmed by the delay because Rangel had been employed as a police officer prior to his arrest, and had been suspended from the police force as a result of the charges.

The State did not respond to the assertions of Rangel's attorney; rather, the State attempted to explain the delay by attributing three months of the delay to Judge Ferro's absence from his court, as well as time spent on further investigation. Alternatively, the State asserted that the Speedy Trial Motion had been prematurely filed. Judge Canales

---

1. At this time Judge Anthony Ferro, who had been the judge presiding over the matter, recused himself from the case and transferred the case to County Court at Law No. Two, the Honorable Paul Canales presiding.

granted Rangel's Speedy Trial Motion on February 18, 1998, dismissing the case. The State filed this timely appeal.

## STANDARD OF REVIEW

█ In its sole point of error, the State argues that the trial court's order granting Rangel's Speedy Trial Motion lacked evidentiary support. This Court reviews the grant of a speedy trial claim de novo. *Johnson v. State,* 954 S.W.2d 770, 771 (Tex.Crim.App. 1997).

## DISCUSSION

█ The Sixth Amendment to the United States Constitution, as extended to the states through the Fourteenth Amendment, guarantees the criminally accused the right to a speedy trial. *Klopfer v. North Carolina,* 386 U.S. 213, 222, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Similarly, the Texas Constitution guarantees the right to a speedy trial. TEX. CONST. art. I, § 10; *Hull v. State,* 699 S.W.2d 220, 221 (Tex.Crim.App.1985). In Texas, the inquiry as to whether the accused's right to a speedy trial has been violated is the same under both the United States and the Texas constitutions. *Floyd v. State,* 959 S.W.2d 706, 709 (Tex.App.—Fort Worth 1998, no pet.)

█ The reviewing court must balance four factors when analyzing the grant or denial of a speedy trial claim. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Johnson,* 954 S.W.2d at 771. The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182; *Johnson,* 954 S.W.2d at 771.

### Length of Delay

The length of the delay is our first inquiry as a reviewing court. *See Barker,* 407 U.S. at 530, 92 S.Ct. 2182. A finding of a "presumptively prejudicial" delay is a necessary precursor to our inquiry into the remaining *Barker* factors. *Doggett v. United States,* 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (citing *Barker,* 407 U.S.

at 530–31, 92 S.Ct. 2182). If the defendant is able to make a showing of presumptive prejudice, we must then consider, on balance with the remaining *Barker* factors, "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* When considering the length of delay, the peculiar circumstances of each case are relevant to whether the delay was sufficient to initiate further review. *Id.* (citing *Barker,* 407 U.S. at 533–34, 92 S.Ct. 2182). Texas courts have generally found a delay beyond eight months to be presumptively prejudicial, thus triggering further analysis of speedy trial claims. *See Harris v. State,* 827 S.W.2d 949, 956 (Tex. Crim.App.1992); *Floyd,* 959 S.W.2d at 710; *State v. Burckhardt,* 952 S.W.2d 100, 102 (Tex.App.—San Antonio 1997, no pet.) (citing *Doggett,* 505 U.S. at 652 n. 1, 112 S.Ct. 2686).

█ The length of delay is measured from the date the defendant is arrested or formally accused. *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Harris,* 827 S.W.2d at 956. Rangel was arrested on June 3, 1996 and charged on June 24, 1996. The State dismissed the charges on September 10, 1996 and refiled identical charges against Rangel on December 12, 1996. The State urges that the three months during which charges were not pending against Rangel should not be considered by this court.

Twenty months expired between the time Rangel was arrested and charged with driving while intoxicated and the hearing dismissing the charges. Even if we were to accept the State's argument, Rangel's charges were outstanding for seventeen months. The time period under either calculation is presumptively prejudicial.

### Reason for Delay

█ Upon a finding that a presumptively prejudicial delay has occurred, the State bears the initial burden of justifying the delay. *Emery v. State,* 881 S.W.2d 702, 708 (Tex.Crim.App.1994). The primary burden is on the State and the trial courts to ensure that defendants are afforded their right to a speedy trial. *Chapman v. Evans,* 744 S.W.2d 133, 136 (Tex.Crim.App.1988). While

intentional prosecutorial delay weighs heavily against the State in the analysis, more "neutral" reasons for delay such as negligence or overcrowded court dockets are also weighed against the State, although not to the same extent. *Barker,* 407 U.S. at 531, 92 S.Ct. 2182. Neutral reasons such as negligence or overcrowded courts shall be weighed less heavily against the State, "but nevertheless shall be considered, because the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* A record that is silent as to the cause for delay gives rise to a presumption that no valid reason for delay exists. *Burckhardt,* 952 S.W.2d at 103.

■ In the twenty months from the time Rangel was first charged until the hearing on his Speedy Trial Motion, the record reflects that neither the State nor the trial court was prepared to proceed on two separate occasions, and that the trial judge was unavailable on one setting. The record is silent as to the reason for the further and other delays. We find that the State has failed to demonstrate a valid reason for the delay between Rangel's arrest and the hearing on his Speedy Trial Motion.

### Assertion of the Right

■ A defendant's assertion of his right to a speedy trial "is entitled to strong evidentiary weight." *Barker,* 407 U.S. at 531–32, 92 S.Ct. 2182. Failure to assert the right makes it difficult for the defendant to prove that he was denied a speedy trial, and may result in a waiver of the right. *Id.* A defendant's request for a dismissal rather than a prompt trial setting "may attenuate the strength of his claim." *Floyd,* 959 S.W.2d at 710. Nonetheless, a defendant has no duty to bring himself to trial. *Barker,* 407 U.S. at 527, 92 S.Ct. 2182.

■ Rangel filed his Speedy Trial Motion on January 17, 1997, seven months after his arrest and the initial filing of charges, and one month after charges were reinstated against him. Although Rangel sought *dismissal* of his claim on speedy trial grounds, and did not alternatively plead for a trial setting, he consistently sought settings on his Speedy Trial Motion. Rangel acted prompt-

ly and assertively in seeking a hearing on his motion, presumably cognizant of the fact that an adverse ruling would result, in fact, in an imminent trial. None of the traditional factors that weigh against the defendant's successful assertion of right, such as first asserting the right to a speedy trial on the eve of trial or the defendant's acquiescence to continuances, are present in this case. Further, the State was on notice of Rangel's assertion of his right to a speedy trial from a fairly early stage in the proceedings, but failed to act in any meaningful way to effect a speedy trial setting during the thirteen months that Rangel's Speedy Trial Motion was outstanding. We find that Rangel promptly and sufficiently asserted his right to a speedy trial.

### Prejudice to the Defendant

■ The right to a speedy trial is designed to protect three discernable interests: 1) prevention of oppressive pretrial incarceration; 2) minimization of the accused's anxiety and concern; and 3) limitation of the possibility that the accused's defense will be impaired. *Barker,* 407 U.S. at 532, 92 S.Ct. 2182. A showing of actual prejudice to these interests is not required; rather, the defendant need only make some showing that he has been prejudiced by the delay. *Burckhardt,* 952 S.W.2d at 104; *see also Doggett,* 505 U.S. at 655, 112 S.Ct. 2686.

Rangel was not incarcerated while awaiting trial, nor does he allege that his ability to present an adequate defense has been diminished by the delay. If Rangel is to make a showing of prejudice, then, it must be that he suffered anxiety and concern as a result of the delay in prosecution of the charges against him.

In *Barker,* the Court acknowledged that a defendant awaiting trial on bond, although not incarcerated, may nonetheless be harmed by the delay in ways such as being deprived of employment or subjected to public scorn as a result of the pending criminal charges. 407 U.S. at 532 n. 33, 92 S.Ct. 2182. As well, an unincarcerated defendant "is disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." *Id.* at 533, 92 S.Ct. 2182.

This inquiry is complicated by a sparse record. At the hearing on the Speedy Trial Motion, Rangel's attorney asserted that Rangel had suffered prejudice because he had been indefinitely suspended from his job as a police officer as a result of the charges being filed. The State did not respond to or contradict these statements at the hearing. Neither Rangel nor the State called witnesses, offered sworn testimony, or attempted to introduce evidence into the record, and the trial judge made no explicit findings of fact.

On appeal, the State urges that Rangel presented no evidence of prejudice. In *Santallan v. State,* the court found an attorney's uncontested unsworn statement at a speedy trial hearing to be evidence of the fact it asserted. 922 S.W.2d 306, 308 (Tex.App.—Fort Worth 1996, pet. ref'd.); *see also Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.1997) (holding that opponent's failure to object to unsworn statement of attorney constituted waiver of objection, causing statement to be considered some evidence of agreement in question). *But cf. Neuenschwander v. State,* 784 S.W.2d 418 (Tex.Crim.App.1990) (implying that prosecutor's opening remarks did not constitute evidence of disputed fact).

Although Rangel does not make a strong showing of prejudice because he was not incarcerated and did not allege that his defense was impaired as a result of the delay, we find that Rangel's suspension from the police force for the duration of the proceedings presents some evidence of prejudice. The State failed to contradict this evidence or rebut Rangel's assertions of prejudice. We find that Rangel met his burden of showing some prejudice.

## CONCLUSION

We find that all four factors weigh in favor of Rangel. He successfully demonstrated that the length of delay was presumptively prejudicial; the reasons for delay were either State negligence or neutral reasons, and he bore no responsibility for the delay; he promptly and sufficiently asserted his right; and he suffered some prejudice as a result of the delay. For these reasons, the judgment of the trial court is affirmed.