**Rosario ZAMORANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–99–00725–CR.

Court of Appeals of Texas,
San Antonio.

June 14, 2000.

Justine M. Daly, Law Offices of Justine M. Daly, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Rosario A. Zamorano appeals his conviction of driving while intoxicated—open container. In his sole point of error, Zamorano contends that the trial court erred in denying his speedy trial motion and his motion to reconsider the denial of his speedy trial motion. We overrule Zamora-

no's point of error and affirm the trial court's judgment.

## STANDARD OF REVIEW

██ A bifurcated standard of review is applied in reviewing a trial court's decision on a speedy trial claim. *See State v. Munoz,* 991 S.W.2d 818, 821 (Tex.Crim.App. 1999). We review the trial court's determination of the historical facts under an abuse of discretion standard, while we review the trial court's application of the law to the facts de novo. *See id.*

## BARKER FACTORS

██ In determining whether a defendant's right to a speedy trial has been violated, we must balance four factors: (1) length of the delay; (2) reasons for the delay; (3) assertion of the right; and (4) prejudice to the defendant resulting from the delay. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Munoz,* 991 S.W.2d at 821. The conduct of both the prosecutor and the defendant must be weighed in balancing the four factors, and no single factor is a necessary or sufficient condition to the finding of a speedy trial violation. *See Barker,* 407 U.S. at 530, 533, 92 S.Ct. 2182; *State v. Munoz,* 991 S.W.2d at 821.

### 1. Length of the Delay

██ The length of the delay is the triggering mechanism for analysis of the other *Barker* factors. *State v. Munoz,* 991 S.W.2d at 821. Further analysis is required if the length of the delay is "presumptively prejudicial." *State v. Rangel,* 980 S.W.2d 840, 843 (Tex.App.—San Antonio 1998, no pet.). The length of the delay is measured from the time the defendant is arrested or formally accused. *See Harris v. State,* 827 S.W.2d 949, 956 (Tex.Crim. App.1992); *Mabra v. State,* 997 S.W.2d 770, 777 (Tex.App.—Amarillo 1999, pet. ref'd). Generally, a delay of eight months or longer is considered "presumptively prejudicial" and triggers speedy trial analysis. *See Knox v. State,* 934 S.W.2d 678,

681 (Tex.Crim.App.1996); *Rangel,* 980 S.W.2d at 843.

██ Zamorano was arrested on October 20, 1995. Zamorano filed his motion for speedy trial in June of 1998, and the motion was heard on August 21, 1998. The delay between Zamorano's arrest and the hearing on his motion for speedy trial was two years and ten months. The State concedes that this delay is of sufficient length to trigger our analysis of the other *Barker* factors. We agree.

### 2. Reasons for the Delay

██ The State has the burden of justifying a lengthy delay. *See Rangel,* 980 S.W.2d at 843. Different weights are assigned to different reasons for a delay. *See State v. Munoz,* 991 S.W.2d at 822. A deliberate attempt to delay a trial is weighed heavily against the state, while more neutral reasons, such as negligence or overcrowded dockets, are weighed less heavily. *See id.* If the record is silent regarding the reason for the delay, we presume that no valid reason for the delay existed. *See Turner v. State,* 545 S.W.2d 133, 137–38 (Tex.Crim.App.1976); *Rangel,* 980 S.W.2d at 844.

██ The docket sheet lists approximately ten resets between November of 1995 and August of 1998, the date of the hearing on Zamorano's motion for speedy trial. Although Zamorano testified that he was present and ready to proceed on each of the dates when the case was reset, the docket sheet reflects that Zamorano announced "not ready" on July 19, 1996. In addition, it appears that both sides announced ready on August 29, 1997.

The State failed to introduce any evidence to justify the delay between the date Zamorano announced "not ready" and the date his motion for speedy trial was heard—a delay of approximately two years. Zamorano's trial counsel did indicate that part of the delay could have been due to the fact that the video tape of Zamorano was in Spanish, and several of

the assistant district attorneys did not speak Spanish. However, the State failed to introduce any evidence to show the portion of the delay attributable to the tape being in Spanish. Because the record is silent regarding the reason for delay, we must presume that no valid reason for the delay existed. However, because no evidence exists that the State deliberately attempted to delay the trial, this factor is weighed less heavily against the State.

### 3. Assertion of the Right

The third factor that a trial court must consider is the defendant's assertion of his right to a speedy trial. *See State v. Munoz*, 991 S.W.2d at 825; *Haney v. State*, 977 S.W.2d 638, 642 (Tex.App.— Fort Worth 1998, pet. ref'd). The defendant is responsible for asserting or demanding his right to a speedy trial. *See State v. Munoz*, 991 S.W.2d at 825. A lengthy delay or lack of persistence in asserting the right attenuates a speedy trial claim. *Haney*, 977 S.W.2d at 642.

Zamorano filed his motion for speedy trial in June of 1998, over two and one-half years from the date of his arrest. The record does not reflect whether he objected to any of the resets. Zamorano filed a motion to reconsider the trial court's ruling in October of 1998; however, there is no indication that he requested an immediate setting of the motion to reconsider. Zamorano's delay and lack of persistence in asserting his right to a speedy trial weigh against him. *See Grayless v. State*, 567 S.W.2d 216, 221 (Tex.Crim.App.1978) (one year and two month delay held to be untimely assertion of right); *Haney*, 977 S.W.2d at 642 (eighteen month delay held to be untimely).

### 4. Prejudice Caused by the Delay

The prejudice to the defendant is assessed in the light of the interests which the speedy trial right is designed to protect. *See State v. Munoz*, 991 S.W.2d at 826. These interests are: (1) preventing oppressive pretrial incarceration; (2) mini-mizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *See id.* The defendant has the burden to make some showing of prejudice. *See id.*

Zamorano was on bail pending his trial; therefore, he was not prejudiced by "oppressive pretrial incarceration." In addition, Zamorano made no showing that his defense was impaired. Zamorano did testify regarding the anxiety he experienced during the pendency of the proceeding and the wages he lost when he was required to appear in court. However, the only evidence Zamorano offered to demonstrate his anxiety was his testimony. Given Zamorano's failure to pursue a motion for speedy trial for over two and one-half years, we infer that the main source of his anxiety was his fear of conviction, which is not a proper consideration. *See Thompson v. State*, 983 S.W.2d 780, 785 (Tex. App.—El Paso 1998, pet. ref'd); *Harlan v. State*, 975 S.W.2d 387, 391 (Tex.App.— Tyler 1998, pet. ref'd).

### 5. Balancing

Balancing the *Barker* factors, we conclude that the trial court did not err in denying Zamorano's motion for speedy trial and motion to reconsider. Although the State failed to introduce any reason for the delay, Zamorano failed to assert his right for over two and one-half years, and he failed to show that he was prejudiced by the delay. Zamorano's point of error is overruled.

### CONCLUSION

The trial court's judgment is affirmed.