MEMORANDUM OPINION

No. 04- 05-00104-CR

Joe Willie BARNES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 175th Judicial District Court, Bexar County, Texas 

Trial Court No. 2003-CR-5728

Honorable Phil Chavarria , Judge Presiding




Opinion by: Sarah B. Duncan , Justice



Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice



Delivered and Filed: August 16, 2006



AFFIRMED

 Joe Willie Barnes appeals the plea-bargained judgment convicting him as a habitual offender for theft under $1,500 and
sentencing him to four years in the Texas Department of Criminal Justice - Institutional Division and a $1,500 fine. Barnes
argues he was denied his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States
Constitution and article I, section 10 of the Texas Constitution. We disagree and therefore affirm the trial court's judgment.

 1. Standard of Review - We review the trial court's ruling on a speedy trial claim using a bifurcated standard. Zamorano v.
State, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). We review the "factual components" of the speedy trial analysis for
abuse of discretion and review the "legal components" de novo. Id. The balancing of the various factors in the speedy trial
analysis "is a purely legal question ... [we] review[] de novo." Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App.
1997). Because the trial court ruled against Barnes on his speedy trial claim, "we must presume the trial court resolved any
disputed fact issues in the State's favor, and we must also defer to the implied findings of fact that the record supports."
Zamorano, 84 S.W.3d at 648. We conduct our review "in light of the arguments, information, and evidence that was
available to the trial court at the time it ruled." Shaw v. State, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). 

 2. Length of Delay - Barnes was arrested March 15, 2002 on a charge of misdemeanor theft. After this charge was
dismissed on April 10, 2002, Barnes was indicted on October 16, 2002 for theft of less than $1,500, enhanced to a state jail
felony because of two prior theft convictions.See Tex. Pen. Code Ann. § 31.03(e)(4)(D) (Vernon Supp. 2005). On July 29,
2003, after unsuccessful plea negotiations, the State dismissed the case and reindicted Barnes, charging him with a second
degree felony as a habitual offender. See id. § 12.42(a). Barnes filed his motion to dismiss on speedy trial grounds on
December 22, 2003. The trial court heard and denied the motion on February 1, 2005. On the same day, Barnes entered his
plea pursuant to his agreement with the State and the trial court imposed sentence. Thus, formal charges had been pending
against Barnes for fifteen months when he filed his motion to dismiss and remained pending an additional thirteen months
before the motion was heard and Barnes was convicted. This delay is "presumptively prejudicial" and sufficient to trigger a
speedy trial analysis under Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). See
Zamorano, 84 S.W.3d at 649 n. 26 (citingHarris v. State, 827 S.W.2d 949, 956 (Tex. Crim. App.), cert. denied, 506 U.S.
942 (1992) (recognizing that "any delay of eight months or longer is presumptively unreasonable and triggers speedy trial
analysis")). The lengthy delay in this relatively simple shoplifting case "stretched well beyond the bare minimum needed to
trigger judicial examination of the claim" and thus "this factor ... weighs heavily against the State." Zamorano, 84 S.W.3d at
649; see State v. Guerrero, 110 S.W.3d 155, 159 (Tex. App.-San Antonio 2003, no pet.) (cumulative period of thirty
months during which Guerrero was under formal accusation was far beyond minimum to trigger speedy trial analysis and
weighed against State).

 3. Reasons for Delay - "The State bears the burden of justifying the delay." Guerrero, 110 S.W.3d at 159. Neither the State
nor Barnes offered any sworn testimony at the hearing on the speedy trial motion, and the only evidence admitted was a
computer printout of the "event log display" that lists, chronologically, the events in the case. The event log reflects that the
misdemeanor charge was pending against Barnes for less than one month. However, the case filed under the first indictment
remained pending for over nine months, during which time it was set for trial five times. The only explanation for this delay
was the prosecutor's unsworn statement that the parties were in plea negotiations until July 29, 2003. Because Barnes's
attorney did not object to the unsworn statements nor contradict their substance, the statements are some evidence of the
reason for the delay. See State v. Rangel, 980 S.W.2d 840, 845 (Tex. App.-San Antonio 1998, no pet.);Santallan v. State,
922 S.W.2d 306, 308 (Tex. App.-Fort Worth 1996, pet. ref'd.). "[D]elay caused by good faith plea negotiations is a valid
reason for the delay and should not be weighed against the prosecution." State v. Munoz, 991 S.W.2d 818, 824 (Tex. Crim.
App. 1999). 

 Barnes was reindicted on July 29, 2003. Soon thereafter, the case was set for trial on October 6, 2003. This trial date was
passed and the case was reset by the court twice before Barnes filed his motion to dismiss on December 22, 2003. The trial
date was reset by the court at least five more times before Barnes's motion was finally heard on February 1, 2005. Barnes's
attorney stated, without contradiction, that Barnes had announced "ready" at each setting and there is no evidence any of the
delay was attributable to Barnes. The only explanation for the eighteen month delay between the second indictment and trial
was the prosecutor's general statement about "how big the dockets are" in the 175th District Court. However, "a crowded
court docket is not a valid reason for delay and must be counted against the State, although not heavily." Shaw, 117 S.W.3d
at 890. 

 Because the trial court could not reasonably have found that any of the delay was attributable to Barnes and because the
State failed to justify over half of the lengthy delay in this case, this factor "weighs in favor of finding a violation of
[Barnes's] right to a speedy trial." Id.

 4. Assertion of Right - "Although a defendant's failure to seek a speedy trial does not amount to a waiver of the speedy trial
right, failure to seek a speedy trial makes it difficult for a defendant to prevail on a speedy trial claim." Id. (citing Barker,
407 U.S. at 532). "[A] defendant's failure to make a timely demand for a speedy trial indicates strongly that he did not really
want one and that he was not prejudiced by not having one"; and "the longer the delay becomes, the more likely it is that a
defendant who really wanted a speedy trial would take some action to obtain one."Id. (citing Dragoo v. State, 96 S.W.3d
308, 314 (Tex. Crim. App. 2003)). "Thus, a defendant's inaction weighs more heavily against a violation the longer the
delay becomes." Id.

 Barnes did not assert his right to a speedy trial during the nine months the first indictment was pending. Then he waited
more than five months after the second indictment to file his motion to dismiss, in which he first asserted his right to a
speedy trial. Nothing in the record suggests that Barnes sought a hearing or otherwise urged his right to a speedy trial during
the following thirteen months. "In view of the lengthy delay here, during most of which appellant quietly acquiesced, this
factor weighs very heavily against finding a violation of his right to a speedy trial." Id. 

 5. Prejudice to Defendant - We assess the final factor of the speedy trial analysis "in light of the interests ... the speedy trial
right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and
concern; and (3) to limit the possibility that the accused's defense will be impaired." Dragoo, 96 S.W.3d at 315. "Of these
forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the
fairness of the entire system.'" Id. (quoting Barker, 407 U.S. at 532). 

 With respect to pretrial incarceration, Barnes contended in the trial court that he had been incarcerated for twenty-three
months on the theft charge. The State disagreed, and the event log - the only evidence before the court - reflects that Barnes
was in jail two days when he was initially arrested and five days when he was indicted the first time, and that he was
released on bond both times. (1) The trial court reasonably could have found that Barnes did not establish any oppressive
pretrial incarceration. Barnes offered no evidence that the delay caused him any "anxiety or concern beyond the level
normally associated with being charged with a felony." Shaw, 117 S.W.3d at 890. Finally, "excessive delay presumptively
compromises the reliability of a trial in ways that neither party can prove or even identify"; however, "this presumption of
prejudice to the defendant's ability to defend himself is 'extenuated ... by the defendant's acquiescence' in the delay." Id.
(quotingDoggett v. United States, 505 U.S. 647, 658, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992)). And Barnes made no
showing that any evidence was compromised, any witnesses were lost, or that he otherwise suffered any actual prejudice
from the delay. Accordingly, this factor weighs against finding a violation of Barnes's right to a speedy trial. See Shaw, 117
S.W.3d at 890-91.

 6. Balancing the Barker Factors - The excessive delay and the State's failure to adequately justify much of the delay are
factors that weigh in Barnes's favor. However, weighing against finding a violation of Barnes's right to a speedy trial are his
failure to demonstrate any prejudice from the delay, his acquiescence in the delay until five months after the second
indictment, and his failure to obtain a hearing on his motion to dismiss for thirteen months after the motion was filed. We
conclude the factors weigh against finding a violation of Barnes's right to a speedy trial and therefore hold the trial court did
not abuse its discretion in denying the motion to dismiss. See Dragoo, 96 S.W.3d at 316.

 The trial court's judgment is affirmed.



 Sarah B. Duncan, Justice

DO NOT PUBLISH

1. Documents in the clerks record reflect that Barnes was arrested for possession of a controlled substance on February 27,
2003, approximately twenty-three months before the speedy trial hearing in this case.