Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-09-00086-CR

Douglas **WILKENS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 200830
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed: January 6, 2010

AFFIRMED

Douglas Wilkens was charged with the misdemeanor offense of driving while intoxicated.

In his sole issue on appeal, Wilkens claims he was denied his constitutional right to a speedy trial.

We affirm the trial court's judgment.

**BACKGROUND**

On January 23, 2007, Wilkens was charged by information with the offense of driving while intoxicated. Wilkens was not arrested for the offense until October 28, 2007. On November 8, 2007, less than two weeks after his arrest, Wilkens filed a speedy trial motion demanding an immediate trial setting. Wilkens also filed a motion to dismiss for failure to afford his constitutional right to a speedy trial.

The trial court held a hearing on Wilkens's motions on November 20, 2007. At the hearing, Wilkens announced "ready" and indicated he was prepared to commence with trial that same day. As for the State, it offered no explanation for its delay in prosecuting Wilkens and notified the trial court it had "no objection to setting [the case] as quick as possible." The trial court denied Wilkens's motion to dismiss following the arguments of counsel, but granted Wilkens's request for a speedy trial. The court ordered Wilkens's case to be placed on the jury trial call docket the following week, which led to a trial setting for February 27, 2008.

On the morning of Wilkens's scheduled trial date, defense counsel informed the trial court that he had to appear for jury duty and could not proceed with Wilkens's trial as planned. Upon learning of defense counsel's conflict, the trial court reset Wilkens's case for trial on July 23, 2008. Wilkens immediately filed another motion to dismiss for failure to afford his constitutional right to a speedy trial, which the trial court set for hearing on March 27, 2008. No hearing was held on March 27, 2008; rather, the matter was reset for April 9, 2008. The trial court considered and denied Wilkens's motion to dismiss on April 9, 2008.

Approximately three weeks before Wilkens's July 2008 trial date, the trial judge informed the parties that he had a scheduling conflict and could not begin Wilkens's trial on July 23, 2008.

The record indicates the trial judge had to attend a seminar on Wilkens's trial date. The trial court therefore reset Wilkens's trial for September 10, 2008.

On September 10, 2008, the State was unable to proceed and requested a continuance. The trial court granted the State's request and reset Wilkens's trial for December 15, 2008. The next day, Wilkens filed a third motion to dismiss for failure to afford his constitutional right to a speedy trial. The trial court considered and denied Wilkens's motion to dismiss on October 2, 2008, and Wilkens's trial was reset for January 5, 2009.

For reasons not apparent from the record, Wilkens's trial did not commence on January 5, 2009. Wilkens entered a plea of no contest on January 6, 2009, and the trial court found Wilkens guilty of driving while intoxicated. The court sentenced Wilkens to 14 months of community supervision and ordered him to complete 50 hours of community service. Wilkens was also fined $525 for his offense.

## DISCUSSION

Wilkens argues he was denied his constitutional right to a speedy trial. The Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution guarantee a defendant the right to a speedy trial. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002). The right to a speedy trial attaches once a person is arrested or formally accused. *United States v. Marion*, 404 U.S. 307, 321 (1971); *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). Texas courts analyze speedy trial claims, both under the federal and state constitutions, the same. *Harris*, 827 S.W.2d at 956.

Courts must balance four factors, commonly referred to as the "*Barker*" factors, when analyzing the grant or denial of a speedy trial claim. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see*

*Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). These factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530; *Johnson*, 954 S.W.2d at 771. No single factor is necessary or sufficient to establish a violation of the right to a speedy trial; rather, they are related factors and must be considered together. *Barker*, 407 U.S. at 533. In conducting this balancing test, "the conduct of both the prosecution and the defendant are [to be] weighed." *Id.* at 530.

In reviewing the trial court's ruling on a speedy trial claim, "we apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a *de novo* standard for the legal components." *Zamorano*, 84 S.W.3d at 648. "Review of the individual *Barker* factors necessarily involves fact determinations and legal conclusions, but '[t]he balancing test as a whole . . . is a purely legal question.'" *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008) (quoting *Zamorano*, 84 S.W.3d at 648 n.19). Under the standard we are to apply, we defer not only to the trial judge's resolution of disputed facts, but also to the judge's right to draw reasonable inferences from those facts. *Id.* "In assessing the evidence at a speedy trial hearing, the trial judge may completely disregard a witness's testimony, based on credibility and demeanor evaluations, even if that testimony is uncontroverted." *Id.* The trial judge is allowed to disbelieve any evidence so long as there is a reasonable and articulable basis for doing so. *Id.* "And all of the evidence must be viewed in the light most favorable to [the trial judge's] ultimate ruling." *Id.*

## A. Length of Delay

The length of delay is a "triggering mechanism" for analysis of the remaining *Barker* factors, *Barker*, 407 U.S. at 530, and is measured from the date the defendant is arrested or formally accused. *Harris*, 827 S.W.2d at 956. "Until there is some delay which is presumptively prejudicial, there is

no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. If the accused is able to show a presumptively prejudicial delay, we must then consider the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. *Zamorano*, 84 S.W.3d at 649. "When considering the length of delay, the peculiar circumstances of each case are relevant to whether the delay was sufficient to initiate further review." *State v. Rangel*, 980 S.W.2d 840, 843 (Tex. App.—San Antonio 1998, no pet.). Texas courts have generally held a delay of eight months or more is "presumptively prejudicial" and will trigger a speedy trial analysis. *Zamorano*, 84 S.W.3d at 649 n.26.

Wilkens was formally charged on January 23, 2007, and he entered his plea of no contest to the offense on January 6, 2009. Thus, nearly two years elapsed between the first accusation and Wilkens's entry of his plea. The State concedes the delay in this case is "presumptively prejudicial" and sufficient to trigger a speedy trial analysis under *Barker*. *See id.* Because the lengthy delay in this plain-vanilla DWI case "stretched well beyond the bare minimum needed to trigger judicial examination of the claim," the first *Barker* factor weighs against the State. *See State v. Guerrero*, 110 S.W.3d 155, 159 (Tex. App.—San Antonio 2003, no pet.) (concluding thirty month period during which the defendant was under formal accusation was far beyond minimum needed to trigger speedy trial analysis and therefore weighed against the State).

**B. Reason for the Delay**

Once it is determined that a presumptively prejudicial delay has occurred, the State bears the burden of justifying the delay. *Rangel*, 980 S.W.2d at 843. Intentional prosecutorial delay is weighed heavily against the State, while more "neutral" reasons, such as negligence or overcrowded dockets, are weighed less heavily against it. *Zamorano*, 84 S.W.3d at 649; *Rangel*, 980 S.W.2d at

843-44. "In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). A valid reason serves to justify an appropriate delay. *Id.*

The record demonstrates Wilkens was formally charged on January 23, 2007, but was not arrested until October 28, 2007. The State concedes we must attribute this delay to the prosecution because it has no explanation for why it took nearly nine months to arrest Wilkens. After Wilkens's arrest, the trial court granted Wilkens's request for a speedy trial on November 20, 2007 and set his case for trial on February 27, 2008. On February 27, 2008, the day Wilkens's trial was set to begin, defense counsel informed the court he had a conflict and could not proceed at that time. The trial court postponed Wilkens's trial due to defense counsel's conflict, setting Wilkens's trial for July 23, 2008. Even though defense counsel had a legitimate basis for seeking a continuance — his summons for jury duty — we cannot hold the State accountable for the resulting five-month delay. The record further reveals the delay from July 23, 2008 until January 6, 2009, the date Wilkens entered his plea, was largely caused by the actions of the trial court and the prosecution — not Wilkens. The delay from July 23, 2008 until September 10, 2008 was caused by a scheduling conflict involving the trial court, while the delay from September 10, 2008 until December 15, 2008 was caused by the State's inability to proceed at that time. The record is silent regarding the reason for the delay between December 15, 2008 and the date Wilkens entered his plea.[1]

---

[1] The record indicates defense counsel had a vacation letter on file for this time period. However, it is unclear from the record whether this was the reason for the reset of Wilkens's trial.

As noted above, nearly two years elapsed between the first accusation against Wilkens and the entry of his plea. Of this delay, only about five months are directly attributable to Wilkens. Because the remaining delay must be attributed to the State for various reasons, the second *Barker* factor weighs against the State.

**C. Assertion of the Right**

The third factor requires a determination of whether the defendant asserted his right to a speedy trial. *Munoz v. State*, 991 S.W.2d 818, 825 (Tex. Crim. App. 1999). The defendant's assertion of that right is entitled to strong evidentiary weight when determining whether the defendant was deprived of his right to a speedy trial. *Barker*, 407 U.S. at 531-32. "Although a motion to dismiss notifies the State and the court of the speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his" speedy trial claim. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983). "Each case must turn on its own facts, and the particular relief a defendant seeks is but one fact to consider." *Id.*

Wilkens filed his motion for speedy trial and first motion to dismiss on November 8, 2007, less than two weeks after his arrest. Thereafter, the trial court granted Wilkens's speedy trial motion and set trial for February 27, 2008. Although Wilkens could not proceed on the designated trial date due to defense counsel's scheduling conflict, he acted promptly when the trial court reset trial for July 23, 2008 — a date nearly five months later. The record shows Wilkens filed his second motion to dismiss immediately after learning of his new trial date and secured a hearing on the motion. Wilkens filed his third motion to dismiss after two more trial resets had occurred; one due to the trial judge's scheduling conflict and the other due to the prosecution's inability to proceed with trial. We

conclude these facts demonstrate Wilkens promptly and persistently asserted his right to a speedy trial. *See Maldonado v. State*, No. 04-06-00755-CR, 2008 WL 506195, *3 (Tex. App.—San Antonio 2008, no pet.) (mem. op., not designated for publication). Accordingly, we hold the third *Barker* factor weighs in favor of Wilkens.[2]

## D. Prejudice

The final *Barker* factor is prejudice to the defendant, which is assessed in the light of the interests that the speedy trial right is designed to protect. *Munoz*, 991 S.W.2d at 826. These interests are: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Id.* "Of these subfactors of the last *Barker* factor, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id.* (quoting *Barker*, 407 U.S. at 532-33). The defendant has the burden to make some showing of prejudice, although a showing of actual prejudice is not required. *Id.* When the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show the defendant suffered "no serious prejudice beyond that which ensued from the ordinary and inevitable delay." *Id.* (quoting *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973)).

---

[2] A defendant's decision to plead guilty when his trial date arrives may potentially weaken his position regarding the third *Barker* factor. *See, e.g., Starks v. State*, 266 S.W.3d 605, 612 (Tex. App.—El Paso 2008, no pet.) ("However, we find the [third *Barker*] factor is substantially weakened by Appellant's numerous requests for dismissal of the case in his *pro se* motions and then his ultimate decision to plead guilty when his trial arrived."); *Hausauer v. State*, 04-04-00505-CR, 2005 WL 954376, *3 (Tex. App.—San Antonio 2005, no pet.) (mem. op., not designated for publication) ("In addition, Hausauer's acceptance of a plea bargain agreement at the next trial setting impairs his claim by further demonstrating that his motivation was not to obtain a speedy trial, but rather to avoid a trial."). Under the circumstances of this case, however, we do not believe the third *Barker* factor is weakened by Wilkens's decision to plead no contest in light of Wilkens's announcement of "ready" and request for an immediate trial setting at the hearing on November 20, 2007.

There is no showing of prejudice in the record. Wilkens was not incarcerated while he was awaiting trial; therefore, he endured no oppressive pretrial incarceration. The record is devoid of evidence as to any anxiety or concern Wilkens may have had. Although Wilkens contends the delay had an economic impact on him, there is nothing in the record to substantiate his contention. Finally, the record contains no evidence suggesting Wilkens's case was impaired or hampered by the delay. We must therefore conclude the fourth *Barker* factor weighs against Wilkens.[3]

### E. Balancing of the Four *Barker* Factors

The length of the delay and, to a lesser extent, the reason for the delay, favor Wilkens's position that his right to a speedy trial was violated. Although Wilkens promptly and persistently asserted his right to a speedy trial, the record is devoid of any evidence showing he suffered prejudice from the delay. Balancing the four *Barker* factors, we cannot say Wilkens suffered a violation of his right to a speedy trial. *See Maldonado*, 2008 WL 506195 at *5 (concluding no speedy trial violation where first three factors weighed in defendant's favor, but defendant showed "only minimal prejudice").

### CONCLUSION

We understand Wilkens's frustration with the delay in this case, and we do not condone such delay. However, pursuant to the relevant standards for speedy trial claims, our review of the record

---

[3] To the extent Wilkens argues he suffered presumptive prejudice from the near two-year delay in this case, we reject this contention. *See Compass v. State*, No. 02-06-00075-CR, 2007 WL 2067733, at *3 n. 28 (Tex. App.—Fort Worth 2007, no pet.) (mem. op., not designated for publication) ("We decline to hold that a twenty-nine month delay is presumptively prejudicial."); *State v. Wray*, No. 05-01-01799-CR, 2002 WL 1763567, at *4 (Tex. App.—Dallas 2002, pet. dism'd) (mem.op., not designated for publication) (holding delay of 25 months is not presumptively prejudicial).

fails to establish a violation of Wilkens's speedy trial rights. The judgment of the trial court is therefore affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH