*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





## MEMORANDUM OPINION

No. 04-11-00405-CR

Lionel **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2004CR1992
Honorable Ron Rangel, Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:       Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed:  April 18, 2012

AFFIRMED

Lionel Gonzales appeals the denial of his pre-trial motion to dismiss for lack of a speedy

trial.  We affirm the judgment of the trial court.

### BACKGROUND

On March 17, 2004, Gonzales was charged by indictment with one count of injury to a

child and one count of indecency with a child stemming from an incident alleged to have

occurred on November 27, 2002.  Gonzales was not arrested until April 21, 2010.  On May 25,

2010, Gonzales filed a motion to dismiss for lack of speedy trial, arguing that his speedy trial rights under the federal and state constitutions were violated because of the over six-year delay between indictment and arrest. He argued that his defense was impaired because witnesses' memories were faded due to the passage of time. After a hearing, the trial court denied the motion. The trial court issued findings of fact and conclusions of law in which it concluded that the first two factors of the *Barker*[1] test—the length of the delay and the reason for the delay— weighed in Gonzales's favor. As to the third factor—the assertion of the right to speedy trial—, the court concluded that at no time during the six-year delay between indictment and arrest did Gonzales assert his right to a speedy trial. The court further concluded that because Gonzales allowed his driver's license to expire and because he attempted to evade arrest on April 21, 2010, Gonzales "had some notion of the outstanding charges [against him] and used the State's tardiness to his own advantage." Finally, as to the fourth factor—prejudice caused by the delay—, the court concluded that Gonzales was not prejudiced by the delay because he "offered up no facts or evidence other than very unpersuasive testimony of a faded memory that his defense is somehow impaired." In weighing those factors, the trial court concluded that Gonzales was not denied his right to a speedy trial. Gonzales now appeals,[2] arguing the trial court erred in weighing the third and fourth factors against him when it denied his motion to dismiss for lack of a speedy trial.

---

[1] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[2] After the trial court denied the motion to dismiss, Gonzales pleaded no contest to the charge of injury to a child. The trial court accepted his plea and sentenced him to 5 years deferred adjudication and fined him $1,500. Gonzales was permitted to appeal the trial court's denial of his motion to dismiss.

**DISCUSSION**

*Right to Speedy Trial*

The Sixth Amendment to the United States Constitution guarantees the accused's right to a speedy trial. *Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002); *Orand v. State*, 254 S.W.3d 560, 565 (Tex. App.—Fort Worth 2008, pet. ref'd). Gonzales argues that he was denied his right to a speedy trial under the federal and state constitutions. *See* U.S. CONST. amend. VI, XIV; TEX. CONST. art. I, § 10; *see State v. Rangel*, 980 S.W.2d 840, 843 (Tex. App.—San Antonio 1998, no pet.) (speedy trial inquiry is the same under both United States and Texas constitutions). In determining whether a defendant's right to a speedy trial has been violated, we weigh and balance four factors: (1) length of the delay; (2) reasons for the delay; (3) assertion of the right; and (4) prejudice to the defendant resulting from the delay. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (creating balancing test for reviewing speedy trial claims under federal constitution); *Cantu v. State*, 253 S.W.3d 273, 280 n.16 (Tex. Crim. App. 2008) (although speedy trial right under Texas Constitution exists independently of federal guarantee, claims of denial of State speedy trial right are analyzed under same four *Barker* factors); *see also State v. Jones*, 168 S.W.3d 339, 346 (Tex. App.—Dallas 2005, pet. ref'd) (applying *Barker* factors to motion to dismiss, rather than motion for speedy trial). Once the *Barker* test is triggered, we analyze the speedy trial claim by first weighing the strength of the *Barker* factors and then balancing their relative weights in light of the conduct of both the prosecution and the defendant. *Cantu*, 253 S.W.3d at 281. None of the *Barker* factors is a necessary or sufficient condition to finding a speedy trial violation. *Id.* Rather, the factors are related and should be evaluated in conjunction with any other relevant considerations. *Id.*

*Standard of Review*

We apply a bifurcated standard of review when reviewing a trial court's decision on a speedy trial claim. *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). We review the trial court's determination of historical facts under an abuse of discretion standard, while we review *de novo* the trial court's application of the law to the facts. *Id.* When, as here, the defendant does not prevail on a speedy trial claim, we presume the trial court resolved any disputed fact issues in favor of the State, and we defer to the implied findings of fact supported by the record. *Zamorano*, 84 S.W.3d at 648.

*Analysis of the* **Barker** *Factors*

*1. Length of the Delay*

The length of the delay is the triggering mechanism for an analysis under *Barker*. *Barker*, 407 U.S. at 530. The length of the delay is measured from the time the defendant is arrested or formally accused. *See Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). However, a delay between indictment and arrest may also be considered. *Doggett v. U.S.*, 505 U.S. 647, 652 (1992) ("extraordinary 8 1/2 year lag between Doggett's indictment and arrest clearly suffices to trigger the speedy trial enquiry"). Texas courts have generally held that a delay of eight months or more is "presumptively prejudicial" and will trigger a speedy trial analysis. *See Zamorano*, 84 S.W.3d at 649 n.26. Here, over six years elapsed between Gonzales's indictment and his arrest. The State concedes, and we agree, that this delay is sufficiently lengthy to trigger a speedy trial analysis under *Barker*. We conclude this factor must weigh heavily against the State.

## *2. Reason for the Delay*

Upon a finding that a presumptively prejudicial delay has occurred, the State bears the initial burden of justifying the delay. *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994); *Rangel*, 980 S.W.2d at 843. Different weights are assigned to different reasons for a delay. *Munoz*, 991 S.W.2d at 822. A deliberate attempt to delay a trial is weighed heavily against the State, while more neutral reasons such as negligence or overcrowded dockets are weighed against the State, but less heavily. *Id.* If the record is silent regarding the reason for the delay, it weighs against the State, but not heavily because we do not presume either a deliberate attempt by the State to prejudice the defense or a valid reason for the delay. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003); *Zamorano*, 84 S.W.3d at 649-50.

Here, the trial court found that no explanation was offered by the State as to why it took six years to return the arrest warrant. The record supports the trial court's finding in that the State presented no evidence to explain the delay in executing the arrest warrant when Gonzales's address was known at all relevant times. Gonzales testified he lived in his parents' home for the last eleven years. Although there is nothing in the record to indicate the delay between indictment and arrest was anything but negligence on the State's part, the weight assigned to governmental negligence compounds over time as the presumption of evidentiary prejudice grows. *See Doggett*, 505 U.S. at 657; *Orand*, 254 S.W.3d at 567 (eleven-year, eight-month delay weighed "very, very heavily" against the State where no explanation was offered for delay between indictment and arrest). Thus, given the absence of any explanation for the six-year delay, we conclude that this factor weighs heavily against the State.

### 3. Assertion of Right to Speedy Trial

The third *Barker* factor that a trial court must consider is the defendant's assertion of his right to a speedy trial. *Barker*, 407 U.S. at 531; *Munoz*, 991 S.W.2d at 825. A defendant is responsible for asserting or demanding his right to a speedy trial. *Munoz*, 991 S.W.2d at 825. A lengthy delay or lack of persistence in asserting the right attenuates a speedy trial claim. *Russell v. State*, 90 S.W.3d 865, 873 (Tex. App.—San Antonio 2002, pet. ref'd). Similarly, a defendant's request for dismissal rather than a prompt trial setting may attenuate the strength of his speedy trial complaint. *Rangel*, 980 S.W.2d at 844.

In this case, Gonzales stated he was not aware of the indictment until after his arrest on April 21, 2010. On May 25, 2010, he filed a motion to dismiss seeking dismissal of the indictment. "This fact potentially weakens [defendant's] case, because 'a dismissal instead of a speedy trial weakens [a speedy trial] claim because it shows a desire to have no trial instead of a speedy trial.'" *Jones*, 168 S.W.3d at 348 (citing to *Zamorano*, 84 S.W.3d at 651 n.40). However, "[i]n some cases, defense counsel may legitimately feel that a long delay has caused a client so much prejudice that dismissal is warranted, even if the State is belatedly ready to move promptly." *State v. Guerrero*, 110 S.W.3d 155, 161 (Tex. App.—San Antonio 2003, no pet.) (quoting *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983)). Given Gonzales's assertion that his defense would be impaired due to the six-year delay present in this case, we do not believe his speedy trial claim is undermined solely because he raised it through a motion to dismiss. *See Zamorano*, 84 S.W.3d at 651 n.40 (motion to dismiss may be a means of alerting the trial court and the State to the delay and appellant's lack of acquiescence to it, and not necessarily an attempt to escape trial completely); *Guerrero*, 110 S.W.3d at 161 (holding

dismissal was appropriate remedy to seek where speedy trial was no longer in appellant's best interest due to lost evidence).

Gonzales's first opportunity to assert his right to a speedy trial was immediately following his arrest in April 2010. Prior to that time, Gonzales had no notice that he had been indicted. The State suggests that because Gonzales knew the incident was under investigation, he should have known he would be prosecuted and therefore should have come forward to assert his right to a speedy trial. That argument, however, is unmeritorious. *See Guajardo v. State*, 999 S.W.2d 566, 570 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Considering that the State waited over six years to arrest Gonzales, his assertion of his right to a speedy trial one month after being arrested is more than timely. Therefore, this third *Barker* factor weighs in favor of Gonzales.

### 4. Prejudice Caused by the Delay

The last *Barker* factor is "prejudice to the defendant" resulting from the delay. *Barker*, 407 U.S. at 532-33; *Munoz*, 991 S.W.2d at 826. In some cases, the delay may be so excessive so as to be presumptively prejudicial. *Guajardo*, 999 S.W.2d at 570 (citing *Doggett*, 505 U.S. at 654–57, and holding that five-year delay attributable to the State was presumptively prejudicial). Yet even in the case where the delay is presumptively prejudicial—as we conclude it is here— the appellant must nevertheless show that he has been prejudiced by the delay. *See Guajardo*, 999 S.W.2d at 570 (although showing of actual prejudice is not required, defendant has the burden to make some showing of prejudice). When the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show that the defendant suffered "no serious prejudice beyond that which ensued from the ordinary and inevitable delay." *Id.* (quoting *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973)).

Prejudice to the defendant is assessed in light of the interests the right to a speedy trial is designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Munoz*, 991 S.W.2d at 826. Of these interests, the most important is protecting a defendant's ability to adequately prepare his case because compromise of this interest "skews the fairness of the entire system." *Id.* (quoting *Barker*, 407 U.S. at 532-33).

Because Gonzales was not subjected to pretrial detention and was unaware of the warrant that had issued for his arrest during the six-year delay, we focus on the possibility that his defense was impaired. At the hearing, Gonzales testified that his memory regarding the alleged incident had faded with time. He stated that he did not recognize the name of the complainant, that he does not remember anything about the event, and that he would not able to aid in his own defense. His mother, with whom he was living at the time the incident occurred and with whom he still lives, testified that she "vaguely" remembered the incident giving rise to Gonzales's indictment. She recalled that she and her husband gave sworn statements to the police concerning the incident in August 2003. She further stated that her husband would most likely be unable to testify because he suffered a heart attack after the police interview which affected his memory.

*Barker* requires a defendant to show that "lapses of memory" are in some way "significant to the outcome" of the case. *See Barker*, 407 U.S. at 534. Here, Gonzales has not made such a showing. *See Munoz*, 991 S.W.2d at 829 (holding loss in memory was minimal and did not shift burden to State); *Guerrero*, 110 S.W.3d at 162 (holding that a bare assertion of dimming memories does not constitute some showing of an impairment to a defense); *see also Hernandez v. State*, No. 04-09-00199-CR, 2010 WL 454946, at *8 (Tex. App.—San Antonio

Feb. 10, 2010, pet. ref'd) (mem. op.) (not designated for publication) ("State's witnesses are subject to the same detriment with regard to fading memories based on the passage of time."). Neither Gonzales's mother nor his father were actual witnesses to the events giving rise to the indictment, and Gonzales has not shown how their testimony would assist his defense. *See Munoz*, 991 S.W.2d at 829 (faded memories do not amount to prima facie evidence of prejudice absent showing that "lost" testimony is significant to the outcome of the case). Further, the credibility choice of whether to believe Gonzales's testimony that the passage of time had impaired his memory was, of course, the trial judge's as fact-finder. Thus, Gonzales has failed to demonstrate that his defense was impaired because of the delay. We therefore conclude Gonzales has not presented evidence sufficient to constitute "some showing of prejudice." *See Jones*, 168 S.W.3d at 352; *State v. Smith*, 76 S.W.3d 541, 552 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Accordingly, the fourth *Barker* factor weighs against Gonzales and in favor of the State.

### *Balancing the* **Barker** *Factors*

We must now engage in a balancing process in which none of the four factors alone is either necessary or sufficient to a finding of deprivation of the right to a speedy trial. *See Crowder v. State*, 812 S.W.2d 63, 68 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). The first three *Barker* factors weigh in favor of Gonzales. Furthermore, the nearly six-year delay gives rise to a presumption that the delay was prejudicial. However, Gonzales has failed to make a prima facie showing that his defense was impaired as a result of the delay. *See Russell*, 90 S.W.3d at 874; *Guajardo*, 999 S.W.2d at 571. We conclude that the lack of prejudice to Gonzales from the delay outweighs the first three *Barker* factors. *See Russell*, 90 S.W.3d at 874 (finding no speedy trial violation when first three factors weighed in appellant's favor and

presumptive prejudice was rebutted by failure to demonstrate any prejudice); *Guajardo*, 999 S.W.2d at 571 (same). Accordingly, we hold that Gonzales did not establish that his right to a speedy trial was violated, and we overrule this issue.

## CONCLUSION

Having overruled Gonzales's sole issue on appeal, we affirm the trial court's order denying the motion to dismiss for lack of a speedy trial.

Phylis J. Speedlin, Justice

Do not publish